580 A.2d 884

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Arthur William CAGLE.**

Superior Court of Pennsylvania.

Argued Aug. 21, 1990.

Decided Sept. 24, 1990.

148

Roseann B. Termini, Asst. Dist. Atty., Harrisburg, for Com., appellant.

James C. Blackman, Warren, for appellee.

Before POPOVICH, JOHNSON and HESTER, JJ.

HESTER, Judge:

The Commonwealth appeals from the September 27, 1989 order of the Court of Common Pleas of Warren County dismissing criminal charges against appellee, Arthur Cagle, for driving under the influence, homicide by vehicle, and homicide while driving under the influence. The trial court determined, following a hearing, that the District Attorney of Warren County deliberately delayed prosecution of appellee for eighteen months in order to first represent the deceased victim's estate, institute necessary orphan's court matters, and collect proceeds from appellee's insurance company on behalf of the estate. Although no statute of limitation expired, the trial court granted appellee's motion to quash the criminal complaint after finding that the delay was deliberate, no additional evidence to prosecute was discovered through the delay, and appellee's defense was prejudiced as a result of the delay.

We, however, conclude that the trial court's finding of prejudice as a result of the delay is unsupported in the record. In addition, there is nothing in the record indicating that the Commonwealth's delay was intended to gain tactical advantage over appellee. Since these two elements must be established before a criminal indictment may be dismissed, *Commonwealth v. Lightman*, 339 Pa.Super. 359, 489 A.2d 200 (1985), we are constrained to conclude that the trial court abused its discretion in dismissing the prosecu-

tion without record support for its finding of prejudice and without finding the required intent by the Commonwealth to profit by its deliberate delay. Accordingly, we remand for an evidentiary hearing on these issues.

The record reveals the following. On April 25, 1987, appellee and his girlfriend were involved in a motorcycle accident on Route 62 in Warren County. A witness observed appellee driving the motorcycle just prior to the accident. The motorcycle left the road, hit a culvert, and climbed an embankment. His girlfriend, Judy Roth, was thrown from the motorcycle and died. Pennsylvania State Trooper John Heary investigated the accident scene, took measurements, and visited appellee at Warren General Hospital. A blood sample revealed that appellee had a blood alcohol content of .22 percent.

District Attorney Hernan later determined that further investigation should be performed before charges could be filed. He then requested the following information from the police: 1) appellee's height and weight; 2) details of appellee's hospital treatment and the drawing of his blood; and 3) statements by appellee or witnesses to the accident. He sent a letter to state police sergeant Gorsacz requesting that Trooper Heary be reassigned from his normal duties in order to complete the investigation. Despite the request, Trooper Heary never was assigned exclusively to the investigation, and the trooper did not keep Hernan informed regarding the status of his investigation.

In November, 1987, Mrs. Shirley Barges, Judy Roth's mother, consulted Hernan for advice on obtaining custody of Judy Roth's surviving minor child. She also inquired regarding collection of insurance proceeds. Hernan agreed to represent both Mrs. Barges and her daughter's estate. Subsequently, when Trooper Heary telephoned Hernan in December, 1987, to inquire about the status of the Cagle prosecution, Hernan informed Trooper Heary that he no longer could prosecute the case due to a conflict of interest resulting from his representation of Mrs. Barges and her

daughter's estate. He then referred the matter to the attorney general for prosecution.

On December 30, 1987, realizing the consequences of his conflict of interest, Hernan telephoned the Pennsylvania Attorney General's office to inform them of the situation. In April, 1988, following Trooper Heary's return from his scheduled vacation, the attorney general ordered an investigation into the matters originally requested by Hernan. Trooper Heary then interviewed appellee for the second time. During the interview, appellee asserted that the motorcycle inexplicably shimmied and he lost control. Trooper Heary then discovered that a key witness, Linda Blanchard, who observed appellee driving in the opposite direction just prior to the accident and gave a statement to police, had moved from Pennsylvania without leaving a forwarding address. In December, 1988, Trooper Heary eventually discovered both that Linda Blanchard lived in Texas and the name of the bar which appellee had left just prior to the accident. The Commonwealth issued a criminal complaint on March 16, 1989.

Appellee filed a motion to quash the criminal charges alleging prosecutorial misconduct due to deliberate delay by the Commonwealth resulting in missing witnesses and actual prejudice to his defense. At the hearing, appellee argued that the eighteen-month delay prejudiced him since key defense witnesses, several individuals who observed him in the bar and Linda Blanchard, were not available. In support, appellee alleged that he no longer could identify or locate the patrons who were in the bar and that Linda Blanchard was not within the jurisdiction of the court. Appellee further argued that the unnecessary delay by the prosecution was caused deliberately by the self-serving decision of the district attorney to represent Mrs. Barges.

The trial court's decision to dismiss the prosecution placed great emphasis on the fact that the Commonwealth's delay was deliberate and that the delay was unexcused since all of the information necessary to prosecute appellee had been available earlier. The trial court secondarily

found that appellee was prejudiced by lack of access to key witnesses due to the delay. Since the Commonwealth could not produce a reasonable explanation for the delay, the trial court dismissed the charges against appellee.

■ We note initially that there is no right to a speedy arrest; speedy trial rights attach only after formal indictment or arrest. *Commonwealth v. Arnold,* 331 Pa.Super. 345, 480 A.2d 1066 (1984). "It is settled that pre-arrest delay does not violate fundamental conceptions of justice except where the delay causes actual and substantial prejudice to the defendant *and* the government intentionally delayed prosecution solely to gain a tactical advantage over the defendant." *Commonwealth v. Lightman, supra,* 339 Pa.Super. at 368, 489 A.2d at 204 (emphasis added) (footnote omitted), citing *United States v. Marion,* 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468, 480–81 (1971). Constitutionally, "investigative delay does not deprive [a defendant] of due process, *even if defense might have been somewhat prejudiced by the lapse of time." Commonwealth v. Arnold, supra,* 331 Pa.Super at 362, 480 A.2d at 1075, citing *United States v. Lovasco,* 431 U.S. 783, 795, 796, 97 S.Ct. 2044, 2051, 2052, 52 L.Ed.2d 752, 762, 763 (1977).

■ We agree with the Commonwealth that appellee failed to substantiate his claims of actual prejudice from delay.

> An accused person who claims a due process violation from pre-arrest delay must show both that the delay caused him substantial prejudice, *and* that the prosecution's reasons for the delay were improper. Only *after* the substantial prejudice is established should the court inquire into the reasons for the delay, for it is only such prejudice which "makes a due process claim concrete and ripe for adjudication."

*Commonwealth v. Murphy,* 305 Pa.Super. 246, 252, 451 A.2d 514, 517 (1982) (emphasis added) (footnote omitted), quoting *United States v. Lavasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.E.2d 752 (1977). Instantly, appellee asserts

prejudice from delay and thus, carries the burden of proof. *See Commonwealth v. Sneed,* 514 Pa. 597, 526 A.2d 749 (1987) (where witness died during delay in filing charges defendant is required to prove how witnesses would have tended to exculpate him). Nevertheless, the Commonwealth contradicted appellee's assertion at the hearing that Linda Blanchard was not available. The Commonwealth stated that she had been located in Houston, Texas, in December, 1988, but admitted at the hearing that it did not possess a current address for her. No determination ever was made by the trial court whether she would be available to testify.

Further, appellee's assertion that he no longer can identify or locate individuals from the bar due to the delay is vague and lacks specificity. He fails to supply any description of who may have observed him, what effort he made to locate them, and what exculpatory evidence they would have offered. The trial court never determined whether he satisfied his burden of proof. Id. Moreover, Trooper Heary stated that he *had* interviewed several persons from the bar, so that they may not be unavailable to appellee.

We conclude that the trial court erred in focusing upon the reasons for delay without determinating first whether substantial prejudice existed. The trial court made no factual findings of prejudice. It never resolved whether Linda Blanchard would testify or that appellee substantiated his claim of prejudice from being unable to locate missing witnesses whom he could have identified earlier. In addition, the trial court never addressed the Commonwealth's allegation that appellee had obtained statements from bar patrons shortly after the accident.

A delay of eighteen months is not in itself evidence of prejudice. *See Commonwealth v. Daniels,* 480 Pa. 340, 390 A.2d 172 (1978) (seven and one-half year delay not in itself prejudicial where the delay was not intentional in order to gain unfair advantage and no actual prejudice was demonstrated); *Commonwealth v. Murphy, supra*

(thirty-two month delay did not violate due process). The primary safeguard against undue delay between crime and arrest is the applicable statute of limitations except where there is no limitation such as in murder. *Commonwealth v. Arnold, supra.*

■ While we deplore the prosecutor's conduct in this case, we fail to see how that conduct prejudiced appellee. We further fail to find any evidence in the record to suggest that the delay was for the purpose of gaining tactical advantage over appellee. The Commonwealth's prosecution may be precluded only where the delay actually prejudiced appellant and deliberately was *intended for that purpose. Commonwealth v. Lightman, supra; Commonwealth v. Daniels, supra.* The record does not substantiate either finding. Any deliberate misconduct by the prosecutor is a separate matter for the Disciplinary Board of the Supreme Court of Pennsylvania.

We are constrained to conclude that the court erred in focusing principally on the lack of excuse for the delay, without first making factual determinations to support its finding of actual prejudice due to the delay. The trial court must determine whether Linda Blanchard can testify and whether appellee's inability to locate witnesses from the bar both is substantiated and prejudicial. The trial court also must determine whether there is evidence that the Commonwealth's delay was a deliberate attempt to prejudice appellee's defense. Accordingly, a new hearing on these issues is required.

Reversed and remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.