601 A.2d 335

**COMMONWEALTH of Pennsylvania**

v.

**Lewis BATTERSON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1991.

Filed Jan. 6, 1992.

Marueen T. Beirne, Athens, for appellant.

Mark W. Smith, Towanda, for appellee.

Before POPOVICH, HUDOCK and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from the judgment of sentence entered after appellant, Lewis Batterson, pled guilty to recklessly endangering another person.[1] After appellant entered his plea, but prior to sentencing, he learned that the Commonwealth had requested application of the deadly weapon enhancement provision because a motor vehicle was involved in the incident underlying the charge. Appellant thereafter petitioned to withdraw his guilty plea. The trial court denied appellant's request but deferred sentencing in order to give defense counsel time in which to prepare an appropriate argument. Appellant was subsequently sentenced to serve a term of incarceration of between one (1) and two (2) years. For the reasons that follow, we vacate

1. 18 Pa.C.S.A. § 2705.

the judgment of sentence and remand for further proceedings.

The final judgment of sentence was pronounced against appellant on January 22, 1991. On that date, prior counsel filed a post-sentence motion to withdraw appellant's guilty plea. This motion was cast in the form of an appeal from the trial court's earlier dismissal of the pre-sentence motion to withdraw the plea. The trial court treated this as a post-sentencing motion and denied relief. Prior counsel filed no other post-sentencing motions, and was granted leave to withdraw representation on February 11, 1990.[2] New counsel was appointed on February 14, 1990 to handle appellant's direct appeal. Although no supplementary post-sentencing motions *nunc pro tunc* were presented to the lower court, a timely notice of appeal was lodged with this court.

Current counsel has raised the following claims on appellant's behalf:

[1.] Whether the trial court erred when it included the deadly weapon enhancement in the sentence.

[2.] Whether the trial court erred in denying [appellant's] presentence motion to withdraw guilty plea.

[3.] Whether [the] trial court erred in denying [appellant's] postsentence motion to withdraw guilty plea.

[4.] Whether guilty plea counsel was ineffective in failing to be aware of and inform [appellant] of [the] deadly enhancement provision.

[5.] Whether guilty plea counsel was ineffective in failing to file [a] motion for reconsideration within 10 days of sentencing?

[6.] Whether guilty plea counsel was ineffective in failing [to] assert a manifest injustice to [appellant] in his post sentence motion to withdraw guilty plea.

---

**2.** One of the reasons prior counsel gave for requesting leave to withdraw was that he had provided ineffective representation and therefore could not properly handle any appeal.

> [7.] Whether [prior] counsel was ineffective in advising appellant to enter a guilty plea.

We shall address these issues *seriatim.*

 Appellant first argues that the trial court erred by including the deadly weapon enhancement in the sentence imposed. The Commonwealth has correctly characterized this as a challenge to the discretionary aspects of sentence.[3] We agree with the Commonwealth's contention that appellant has waived this claim for failure to comply with the applicable procedural requirements. *See* 42 Pa.C.S.A. § 9781(b); Pa.R.A.P., Rule 2119(f), 42 Pa.C.S.A.; *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Additionally, this issue must also be deemed waived because it has been raised for the first time on appeal and was not preserved in the lower court via a motion to modify sentence. We will therefore not address appellant's claim in this context.

Appellant's second and third claims are that the lower court erred in denying both his pre- and post-sentencing motions to withdraw his guilty plea. However, our careful scrutiny of the record discloses no basis on which we can grant the requested relief. The lower court has set forth a correct rationale for refusing to permit appellant to withdraw his plea, and we affirm on that basis.

 The remaining issues raised by appellant concern the allegedly ineffective representation provided by prior counsel. We note that the procedural posture of this case has deprived the lower court of any meaningful opportunity to address these allegations because they have been raised for the first time on direct appeal. We are also cognizant of the Commonwealth's contention that appellant has waived these issues because they have not been properly preserved via post-verdict motions or by a motion to modify

---

3. Appellant pled guilty to recklessly endangering another person, a misdemeanor of the second degree. 18 Pa.C.S.A. § 2705. As such, he was liable to serve a maximum term of two (2) years imprisonment. The sentence imposed by the lower court does not exceed the statutory maximum and may not therefore be deemed an illegal sentence.

sentence. We agree with the Commonwealth that issues not raised in post-verdict motions will not ordinarily be considered on appeal. *Commonwealth v. Monarch*, 510 Pa. 138, 146, 507 A.2d 74, 78 (1986). However, where ineffectiveness of counsel is alleged, that claim must be raised at the earliest stage in the proceedings at which counsel whose effectiveness is being challenged no longer represents appellant. *Commonwealth v. O'Neil*, 393 Pa.Super. 111, 114, 573 A.2d 1112, 1114 (1990). Appellant has in fact taken his first opportunity to raise his claims against prior counsel. Our law does not require more than this. *See, e.g., Commonwealth v. Broadwater*, 330 Pa.Super. 234, 479 A.2d 526 (1984) (ineffectiveness claims which have been raised at the first available opportunity will not be deemed waived).

The validity of appellant's allegation regarding prior counsel's failure to file a motion for reconsideration of sentence is clear on the face of the existing record. In the interest of judicial economy, we will therefore consider the merits of this issue. *See Commonwealth v. Rodriguez*, 526 Pa. 268, 585 A.2d 988 (1991) (in the "interest of judicial economy," Pennsylvania Supreme Court ruled upon ineffectiveness claim absent determination by lower courts because record was adequate to permit resolution of the issue). The applicable standard by which we evaluate ineffectiveness of counsel is as follows:

> The threshold inquiry in such claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. If this threshold is met, it must next be established that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interests. Finally, we require that the defendant establish how counsel's commission or omission prejudiced him.

*Commonwealth v. Durst*, 522 Pa. 2, 4–5, 559 A.2d 504, 505 (1989) (citations omitted).

The contention underlying appellant's ineffectiveness claim is that prior counsel should have filed a motion for reconsideration of sentence because the sentencing court improperly applied the deadly weapon enhancement to appellant's case. Further, appellant alleges that prior counsel could have had no reasonable basis for this failure which prejudiced appellant by subjecting him to a more severe sentence than the trial court would otherwise have imposed. Our review of the record and the law of this Commonwealth has convinced us that appellant's arguments are correct.

The record shows that appellant pled guilty to recklessly endangering another person after having knowingly driven a motor vehicle backwards into his wife thereby knocking her to the ground. In sentencing appellant, the lower court reasoned that under such circumstances the motor vehicle constituted a "deadly weapon" within the meaning of 18 Pa.C.S.A. § 2301. The sentencing judge thereupon determined that appellant's case called for the application of the deadly weapon enhancement provisions of the Sentencing Code. N.T. 1/22/91 at 14–17. *See* 204 Pa.Code § 303.4 (set forth at 42 Pa.C.S.A. § 9721). However, under Pennsylvania law, motor vehicles cannot be considered "weapons" for the purposes of the deadly weapons enhancement provision. *Commonwealth v. Burns*, 390 Pa.Super. 426, 430, 568 A.2d 974, 977, *allocatur denied*, 525 Pa. 616, 577 A.2d 888 (1990). Application of this provision of the Sentencing Code to appellant's case was thus error on the part of the lower court.

We agree with appellant that prior counsel was ineffective for failing to file a motion to modify sentence alleging the foregoing error in conjunction with the post-sentencing motion actually filed. The record demonstrates that the sentencing court specifically applied the deadly weapon enhancement provisions of the sentencing code. N.T. 1/22/91 at 15. We find this to be a sufficient demonstration of the prejudice appellant suffered from counsel's failure to call the sentencing error to the attention of the lower court in a timely fashion. Further, in light of the fact

that prior counsel actually filed a post-trial motion concerning the lower court's application of the deadly weapon enhancement, we conclude that he could have had no reasonable basis for failing to include a motion to modify sentence on that same theory. However, the record before us is less clearly dispositive regarding appellant's other claims of ineffective representation. We therefore remand the case so that the lower court can conduct an appropriate investigation and resolve the additional allegations.

The judgment of sentence is vacated. The case is remanded for further proceedings consistent with this memorandum. Jurisdiction is relinquished.