641 A.2d 1176

COMMONWEALTH of Pennsylvania

v.

**Pablo MONTALVO, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 14, 1994.

Filed May 12, 1994.

Anthony Logue, Erie, for appellant.

William R. Cunningham, Dist. Atty., Erie, for Com., appellee.

Before OLSZEWSKI, TAMILIA and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from the judgment of sentence entered after a jury found appellant, Pablo Montalvo, guilty of one count each of possession with intent to deliver cocaine [1] and criminal conspiracy.[2] We affirm.

Appellant was on probation in May of 1991. At that time, he met an undercover narcotics investigator posing as an individual on probation. Appellant agreed to supply the narcotics agent with cocaine and was subsequently discovered to be in possession of 27.1 grams of this substance. Although the events leading to appellant's arrest occurred on May 7, 1991, the Commonwealth did not file any charges until June 25, 1992.

Daniel J. Brabender, Jr., Esquire represented appellant through the preliminary hearing stage of the proceedings. Mr. Brabender filed an initial omnibus pre-trial motion on appellant's behalf. Thereafter appellant engaged Gene P. Placidi, Esquire as his attorney. On March 3, 1993, the trial court accepted appellant's guilty plea to one count of possession with intent to deliver, and the Commonwealth agreed to *nolle prosse* a charge of criminal conspiracy. However, appellant subsequently moved to withdraw his guilty plea. The trial court granted this request on March 29, 1993.

Mr. Placidi then filed several motions, including a request for a bill of particulars and an amended omnibus pre-trial motion containing a suppression request, a motion to dismiss due to excessive and prejudicial delay, and requests for discovery. The Honorable Shad Connelly granted a rule to show cause on the omnibus pre-trial motion and scheduled a hearing for the morning of May 3, 1993. On that date, the trial court found that defense counsel had not properly filed the amended omnibus pre-trial motion with the court administrator in accordance with Erie County local rules and procedure. Conse-

1. 35 P.S. § 780–113(a)(30).
2. 18 Pa.C.S.A. § 903.

quently, Judge Connelly refused to consider the omnibus motion.

Appellant was brought to trial May 10, 1993, before the Honorable Michael T. Joyce sitting with a jury. The jury found appellant guilty of both criminal conspiracy and possession with intent to deliver. Mr. Placidi filed a motion for a new trial and/or arrest of judgment on May 21, 1993. However, the trial judge denied relief, and on June 25, 1993, sentenced appellant to serve a term of five (5) to ten (10) years imprisonment and pay a fine of $30,000 for the drug offense, with a consecutive term of incarceration of one (1) to three (3) years for criminal conspiracy.

Represented by new counsel, appellant filed a notice of appeal on June 25, 1993. Judge Joyce directed counsel to provide a concise statement of matters complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b). Counsel complied on July 30, 1993. The instant timely appeal followed raising sixteen issues for our consideration:

I. Whether the [trial] court erred and abused its discretion by failing to grant [appellant's] motion to dismiss, where based upon excessive and prejudicial delay between the criminal indictment and the arrest of the [appellant].

II. Whether the [trial] court erred and abused its discretion, whereas the [trial court refused to hear the [appellant's] amended omnibus pre-trial motion which included motions to suppress, motions for sanctions against the Commonwealth and motion to dismiss.

III. Whether the [trial] court erred and abused its discretion by refusing to hear [appellant's] oral motion in limine, where [appellant's] counsel requested the Commonwealth be precluded from pursuing a conviction for possession with intent to deliver a controlled substance under the theory of accomplice liability since the Commonwealth never indicated this in its bill of particulars that it would be proceeding under that certain theory.

IV. Whether the [trial] court erred and abused its discretion by instructing the jury on liability for conduct of an accomplice, where the Commonwealth never indicated in its bill of particulars that it was proceeding under accomplice liability for a conviction of possession with intent to deliver a controlled substance.

V. Whether the [trial] court erred and abused its discretion by overruling an objection by defense counsel, where a question of the value of said illegal drugs arose.

VI. Whether the [trial] court erred and abused its discretion, where the [trial] court would not allow defense counsel to object to certain Commonwealth evidence.

VII. Whether the [trial] court erred and abused its discretion by allowing certain testimony to come in pertaining to Pennsylvania State Attorney Drug Agent, David Seda's involvements at the Erie County Office of Adult Probation whereas this clearly violated the [appellant's] Fifth (5th), Sixth (6th) and Fourteenth (14th) Amendment rights in violation of the federal Constitution, and violations of the Pennsylvania state Constitution.

VIII. Whether the [trial] court erred and abused its discretion and violated appellant's rights by failing to have a complete record of the trail [sic] thus prohibiting an accurate review for appellant [sic] purposes.

IX. Whether the [trial] court erred and abused its discretion and failed to consider circumstances regarding appellant's sentencing where the [trial] court failed to take into consideration the [appellant's] involvement in a conspiracy was certainly less than the other individual's alleged involvement in the alleged conspiracy.

X. Whether the District Attorney's Office demonstrated [prosecutorial] misconduct, where the Office of the Erie County District Attorney failed to properly respond to [appellant's] request for a bill of particulars per [Pennsylvania Rules of Criminal Procedure] 304, 305 and 306.

XI. Whether trial counsel was ineffective for failing to seek relief regarding the Commonwealth's Answer to its

Bill of Particulars, where said Answer was clearly deficient under [Rules of Criminal Procedure] 304, 305 and 306.

XII. Whether trial counsel was ineffective for failing to properly file appellant's amended omnibus pre-trial motion, where trial counsel failed to properly file said motion per local rules of court thus denying certain critical motions that being motions to suppress, any and all physical evidence and fruits thereof, any and [all] statements given by [appellant], request for evidentiary hearing, as well as a motion for pre-trial discovery and inspection or motion for sanctions under Rule 305 of the Pennsylvania Rules of Criminal Procedure along with [appellant's] motion to dismiss.

XIII. Whether trial counsel was ineffective, where counsel failed to object to hearsay evidence at the time of trial.

XIV. Whether trial counsel was ineffective, where counsel failed to poll the jury upon reaching its verdict.

XV. Whether trial counsel was ineffective where it [sic] failed to move to strike certain testimony and asked for curative instructions regarding said testimony.

XVI. Whether trial counsel was ineffective by failing to move for a mistrial, where prejudicial testimony came in without objection thus committing reversible error.

 Before addressing these claims on their merits, we note that an issue is waived for purposes of appellate review if it has not been lodged with the trial court in the form of a post-verdict motion. Pa.R.Crim.P., Rule 1123, 42 Pa.C.S.A.; *Commonwealth v. Monarch,* 510 Pa. 138, 146, 507 A.2d 74, 78 (1986); *Commonwealth v. Bleigh,* 402 Pa.Super. 169, 176, 586 A.2d 450, 453, *allocatur denied,* 528 Pa. 607, 596 A.2d 154 (1991).[3] Nevertheless, issues will not be deemed waived if

3. We are cognizant of the fact that the Pennsylvania Rules of Criminal Procedure governing post-trial practice have been extensively modified so as to essentially eliminate the necessity of filing post-trial or post-verdict motions in order to preserve issues. *See* Pa.R.Crim.P., Rules 86, 302, 320 comment, 321, 359–360, 1122–1125, 1403, 1405, 1410, 1501, 6007, 9022, 9024, 42 Pa.C.S.A. (codified at 234 Pa.Code Chapters

they have been presented to the lower court in some form and have been addressed by the trial judge. *See, e.g., Commonwealth v. Sopota,* 403 Pa.Super. 1, 587 A.2d 805, *allocatur denied,* 528 Pa. 629, 598 A.2d 283 (1991). A claim alleging ineffectiveness of counsel, however, must be raised at the earliest stage in the proceedings in which counsel whose effectiveness is being challenged no longer represents the defendant. *Commonwealth v. Batterson,* 411 Pa.Super. 252, 257, 601 A.2d 335, 337 (1992). Thus, questions concerning the ineffectiveness of trial counsel are properly before the Superior Court when raised on direct appeal if this constitutes the earliest appropriate opportunity to raise such allegations. *Commonwealth v. Pizzo,* 529 Pa. 155, 157–58, 602 A.2d 823, 824 (1992); *Commonwealth v. Allison,* 424 Pa.Super. 341, 344 n. 2, 622 A.2d 950, 952 n. 2 (1993).

■ Our inspection of the certified record discloses that appellant preserved issues one through four by presenting them to the trial court via post-verdict motion. Although these motions contain no reference to issues five through ten, the trial judge nevertheless addressed them in his opinion. We will therefore not deem them waived for purposes of review. Issues eleven through sixteen concern the ineffectiveness of trial counsel and were raised at the first appropriate opportunity, *i.e.,* when appellant, represented by new counsel, filed his Concise Statement of Reasons Complained of on Appeal pursuant to Rule of Appellate Procedure 1925(b). We conclude that all of appellant's claims are thus properly before the Superior Court and we shall address them *seriatim.*

■ Appellant first contends that the trial court erred in refusing to dismiss the instant case based upon an alleged "excessive and prejudicial delay" between the date of the underlying events and appellant's arrest. A trial court's conclusion that pre-arrest delay was reasonable under the facts of

50, 300, 350, 1100, 1400, 1500, 6000, and 9000). However, the changes to the Rules only apply to cases in which the determination of guilt occurred on or after January 1, 1994. Since appellant's jury trial transpired in May of 1993, the new Rules do not apply to the instant case.

26

a particular case is within the discretion of the trial judge. *Commonwealth v. Middleton,* 379 Pa.Super. 502, 506–07, 550 A.2d 561, 562–63 (1988). We will reverse only if there is insufficient evidence in the record to support the lower court's determination. *Id.*

█ Our law is clear that there is no right to a speedy arrest, only to a speedy trial after an arrest has been made. *Commonwealth v. Cagle,* 398 Pa.Super. 147, 152, 580 A.2d 884, 886 (1990). A pre-arrest delay does not violate fundamental conceptions of justice except where (1) the delay causes actual and substantial prejudice to the defendant *and* (2) the government has intentionally delayed prosecution solely to gain a tactical advantage over the defendant. *Commonwealth v. Lightman,* 339 Pa.Super. 359, 368, 489 A.2d 200, 204 (1985), *cert. denied,* 475 U.S. 1095, 106 S.Ct. 1491, 89 L.Ed.2d 892 (1986). Mere investigative delay does not deprive a defendant of due process, even if the defense might have been somewhat prejudiced by the lapse of time. *Commonwealth v. Cagle, supra* (relying upon *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977)). *Accord Commonwealth v. Colson,* 507 Pa. 440, 490 A.2d 811 (1985), *cert. denied,* 476 U.S. 1140, 106 S.Ct. 2245, 90 L.Ed.2d 692 (1986) (investigatory delay, if reasonable, does not violate due process, even if a defendant is actually prejudiced in the preparation of his defense as a result of the delay). Nevertheless, in order to obtain relief because of an alleged excessive pre-arrest delay, a defendant must always substantiate that actual prejudice resulted from the delay. *Id.* (quoting *Commonwealth v. Murphy,* 305 Pa.Super. 246, 252, 451 A.2d 514, 517 (1982)).

█ In the instant case, the delay in arresting appellant occurred because the events underlying the criminal charges ultimately filed against him transpired as part of an ongoing, large-scale investigation into drug trafficking at Reno's Tavern and the surrounding area in Erie County. *See* trial court opinion dated November 15, 1993 at 2. The trial court specifically found that any earlier arrest for appellant would have jeopardized this entire investigation. *Id.* There is no indica-

tion in the certified record that the government intentionally delayed prosecuting appellant in order to gain a tactical advantage over him. Appellant has not even argued that this was so. Moreover, appellant has utterly failed to allege facts which could serve to substantiate the claim that he suffered "actual and substantial prejudice" as a result of the delay before his arrest. Appellant has merely argued that the investigative delay precluded him in some unspecified manner from asserting unidentified defenses. Accordingly, we find that appellant has not sustained his burden of demonstrating that relief is warranted on this claim.

Appellant's second issue centers on the trial court's refusal to hear his amended omnibus pre-trial motion filed at the end of March, 1993. Judge Connelly granted a rule to show cause on March 30th, and scheduled a hearing on the omnibus motion for Monday May 3, 1993 at 9:30 a.m. Under the pertinent local procedure, once a rule to show cause has been signed by the assigned judge, the original and a copy must be taken to the Criminal Court Administrator. *See* Erie County Local R.Crim.P., Rule 9023. The original rule to show cause should be time-stamped and the copy left as proof of service. *Id.* The time-stamped original document must then be filed with the Clerk of Courts. *Id.* After the original document has been processed by both the Criminal Court Administrator and the Clerk of Courts, the petitioner is required to serve the opposing party with an appropriately time-stamped copy of the rule to show cause. *Id.*

On May 3, 1993, Judge Connelly refused to conduct the scheduled hearing on the omnibus motion because the rule to show cause was never properly filed with the Court Administrator.[4] Appellant argues that this was an abuse of discretion because he allegedly provided actual notice to the Commonwealth of the rule to show cause. It is appellant's theory that this should be construed as substantial compliance with Local

4. The copy of this document contained in the certified record shows that although it was presented to the Clerk of Records on March 31, 1993, it was never date-stamped by the Court Administrator of the Criminal Division prior to the scheduled date for the hearing on the omnibus motion.

Rule of Criminal Procedure 9023. Unfortunately, the certified record fails to corroborate appellant's contention that he did in fact provide actual notice to the Commonwealth that the trial court granted the rule to show cause. The record contains neither an affidavit of service nor any other type of documentation in support of appellant's bald assertion that the Commonwealth actually received notice of the hearing scheduled on the omnibus motion.

We are limited to considering only those facts which have been duly certified in the record on appeal. *Commonwealth v. Osellanie,* 408 Pa.Super. 472, 476, 597 A.2d 130, 131 (1991). For purposes of appellate review, what is not of record does not exist. *Frank v. Frank,* 402 Pa.Super. 458, 463 n. 5, 587 A.2d 340, 342–43 n. 5 (1991). It is the appellant's obligation to make sure that the record forwarded to the appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal. *Commonwealth v. Blystone,* 421 Pa.Super. 167, 177 n. 4, 617 A.2d 778, 783 n. 4 (1992). Under the circumstances presented here, we have no basis upon which we could conclude that the Commonwealth received actual notice of the scheduled hearing and that the lower court committed an abuse of discretion in refusing to hear the amended omnibus motion.

The third issue for our consideration is whether the trial court erred in refusing to hear appellant's oral motion in limine requesting the lower court to preclude the Commonwealth from proceeding under an accomplice liability theory where this approach was never identified in the bill of particulars. Appellant's fourth claim is related in that appellant also contends that the lower court erred by instructing the jury concerning accomplice liability despite the alleged flaw in the bill of particulars. We disagree.

A bill of particulars is intended to give notice to an accused of the offenses charged so that he or she may prepare an intelligent defense and avoid surprise. *Commonwealth v. Dreibelbis,* 493 Pa. 466, 472, 426 A.2d 1111, 1114 (1981). The

appropriate remedy to be applied "in the interests of justice" when the Commonwealth fails to provide a full bill of particulars has been left to the discretion of the trial court. *Commonwealth v. Scott*, 469 Pa. 258, 265, 365 A.2d 140, 143 (1976); Pa.R.Crim.P., Rule 304(d), 42 Pa.C.S.A. The Superior Court will reverse the trial judge's decision in such matters only in the face of a "flagrant abuse of discretion." *Commonwealth v. Albanesi*, 234 Pa.Super. 111, 114, 338 A.2d 610, 612 (1975). Absent allegations of exceptional circumstances, we will uphold the trial court's denial of relief where there is no indication that the Commonwealth deliberately withheld either exculpatory evidence or evidence otherwise favorable to the defense, where the defendant did receive information from the Commonwealth's compliance with other rules of procedure, and where the accused possessed adequate information on which to prepare a proper defense. *Commonwealth v. Hassine*, 340 Pa.Super. 318, 361, 490 A.2d 438, 461 (1985).

Appellant has alleged no exceptional circumstances which would take this case outside the general rule articulated in *Hassine*. Nor does he contend that the Commonwealth deliberately withheld exculpatory evidence or information otherwise favorable to the defense. The trial transcript clearly indicates that appellant was informed at the preliminary hearing that the Commonwealth intended to proceed under an accomplice liability theory. N.T. 5/10/93 at 3–8; 127–130. Furthermore, the nature and quality of the defense actually presented at trial plainly demonstrates that trial counsel was neither surprised by the Commonwealth's approach nor unprepared to deal with it. Under these circumstances, we conclude that the lower court did not commit a flagrant abuse of discretion in denying appellant's motion for relief. Since the trial court properly permitted the Commonwealth to proceed under the theory of accomplice liability, it was entirely appropriate for the trial judge to charge the jury in accordance with the case actually presented.

Appellant next contends that the trial court improperly restricted his cross-examination of a Commonwealth

witness concerning the monetary value of the drugs involved in this case. We agree with appellant that in criminal cases, the right of cross-examination extends beyond the subjects raised on direct, and includes the right to examine a witness on any facts tending to refute inferences or deductions arising from matters raised during direct testimony. *Commonwealth v. Green*, 525 Pa. 424, 454, 581 A.2d 544, 558–59 (1990). Nevertheless, this right is not unfettered: the scope and limits of cross-examination in criminal proceedings remain within the discretion of the trial judge and the appellate courts will not reverse absent a clear abuse of that discretion or an error of law. *Commonwealth v. Birch*, 532 Pa. 563, 566, 616 A.2d 977, 978 (1992).

Appellant claims that the monetary value of the drugs was an important factor which he was entitled to establish at trial. However, he has not explained the reason why he believes that the dollar value of the drugs had evidentiary importance. He has merely asserted that "value did have an important factor in this matter." Appellant's brief at 17. The trial court found this claim waived because appellant failed to sufficiently identify and explain the theory underlying his request of relief. In light of the rudimentary argument presented by appellant, we are hardly in a position to hold that the trial court committed either a clear abuse of discretion or an error of law in connection with this ruling. Moreover, we must deem an issue abandoned where it has been identified on appeal but not properly developed in the brief. *Commonwealth v. Rodgers*, 413 Pa.Super. 498, 519, 605 A.2d 1228, 1239, *allocatur denied*, 532 Pa. 655, 615 A.2d 1311 (1992). The argument portion of an appellate brief must include a full discussion of the particular point raised along with citation to pertinent authorities. *Id.* 413 Pa.Super. at 520, 605 A.2d at 1239. Under the circumstances presented here, we deem appellant's argument waived.

The sixth claim of error presented is that the trial court "would not allow" defense counsel to object to the admission of Commonwealth evidence concerning the results of forensic testing of the "white powder" seized in this case. The lower

court found that appellant waived this issue by failing even to attempt raising any timely objection when the forensic evidence was admitted. We have carefully inspected the relevant portion of the trial transcript and conclude that the trial court ruling is correct in this matter.

In order to preserve an issue for review, a party must make a timely and specific objection at trial. *Commonwealth v. Smith*, 414 Pa.Super. 208, 214, 606 A.2d 939, 942 (1992), *allocatur denied*, 533 Pa. 624, 620 A.2d 490 (1993). The Superior Court will not consider a claim on appeal which was not called to the trial court's attention at a time when any error committed could have been corrected. *Id.* Based on the record presented to this court, we can discern no possible basis other than clairvoyance by which the trial court could possibly have known that defense counsel wanted to raise an objection to the admission of the forensic evidence. *See* N.T. 5/10/93 at 79–81.

For the same reason, we find no merit in appellant's contention that the trial judge behaved in an "overbearing manner" simply by asking two questions to clarify the expert's testimony. *Id.* Appellant failed to indicate in any way to the trial judge that he objected either to the expert's testimony or to the court's efforts to elucidate the basis for the expert's opinion. We therefore affirm on this issue.

Next, appellant argues that his constitutional rights were violated because he was approached by an undercover narcotics investigator while waiting to see his probation/parole officer. It is appellant's theory that he was in formal police custody at this time because he had signed the waiting room register and was within the confines of space occupied by the Office of Probation and Parole. According to appellant, the undercover agent violated both the federal and state constitutions by contacting him under these circumstances. While we agree with appellant that the Commonwealth may not circumvent an accused's right to have counsel present during a custodial interrogation, we fail to see the relevance of this rule to the instant case.

Appellant has provided us with neither statutory nor case citations in support of the proposition that sitting in the waiting room of a probation office constitutes being held in formal police custody. He has proffered no factual averments that would tend to support his argument: he has not claimed that he was prevented in any way from leaving the Probation Office waiting room nor has he even stated that the undercover agent questioned him in any manner. In short, appellant has failed to present a fully developed argument. We therefore deem this claim to be waived. *See Commonwealth v. Rodgers, supra.*

According to appellant, the eighth issue identified on appeal "raises a colorful claim of prejudice" in that the trial court allegedly conducted two off-the-record discussions at which both trial counsel and the assistant district attorney were present. We agree with appellant that Rule of Criminal Procedure 9030 provides that after a defendant has been held for court, proceedings conducted in open court shall be recorded. Pa.R.Crim.P., Rule 9030(a), 42 Pa.C.S.A. However, nothing in this rule prohibits the trial court from conducting off-the-record sidebar discussions.

Although appellant has failed to identify the subject matter of the purported sidebar discussions in this case and the point in the proceedings at which they supposedly took place, the lower court has directed our attention to the location in the transcript of one such sidebar. Our review of the record indicates that this "off-the-record" discussion occurred after the jury had been excused and that it was in fact transcribed by the court reporter. *See* N.T. 5/10/93 at 127–130. In light of the sparse argument provided, we are unable to verify if a second sidebar ever occurred. Under these circumstances, we can find no justification for granting a new trial on the basis of this claim of error.[5]

---

5. We are cognizant of the cases cited by appellant, but find them totally inapposite to the instant appeal. *Commonwealth v. Anderson*, 441 Pa. 483, 272 A.2d 877 (1971) concerns a situation in which the Supreme Court ordered a new trial because no record of any sort had been made at the defendant's first trial. By way of contrast, the trial was properly

██ Next appellant argues that the lower court erred when imposing sentence by failing to consider certain facts of record which appellant contends were established at trial. A claim that the sentencing court was in possession of factual information, but failed to properly apply it, goes to the discretionary aspects of the sentence imposed. *See Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385 (1989) (*en banc*). We could find this issue waived solely because appellant's brief does not include a separate statement requesting permission to appeal from the discretionary aspects of sentence as required by the Pennsylvania Rules of Appellate Procedure. *See* 42 Pa.C.S.A. § 9781(b); Pa.R.A.P., Rule 2119(f), 42 Pa.C.S.A.; *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). A more fundamental problem, however, is that appellant's argument does not present a "substantial question" within the meaning of our law.

██ An allegation that the sentencing court "failed to consider" or "did not adequately consider" facts of record is effectively a request for this court to substitute its judgment for that of the lower court. *Commonwealth v. Williams*, 386 Pa.Super. at 326, 562 A.2d at 1388. Averments of this type concede that the sentencing court was in possession of adequate information but failed to apply it. *Id.* However, our law presumes the exact converse, *i.e.*, that when a sentencing court is in possession of the facts it will correctly apply them to the case at hand. *Id.* Because appellant has failed to present a substantial question, we deny permission to appeal from the discretionary aspects of sentence.

██ Under the guise of an allegation of prosecutorial misconduct, appellant next attempts to rehash his previous

recorded in *Commonwealth v. Goldsmith*, 452 Pa. 22, 304 A.2d 478 (1973), but a full trial transcript was never prepared because the court stenographer died before she could complete this project. No other stenographer proved capable of deciphering the decedent's notes. Since the defendant did not file a direct appeal and waited twelve years before requesting collateral relief, defense counsel could no longer remember the details of the trial and consequently could not produce a statement in lieu of transcript. Under these extreme circumstances, not present instantly, our Supreme Court ordered a new trial.

claims concerning the Commonwealth's failure to properly respond to his request for a bill of particulars. Since we have already concluded that appellant possessed adequate information with which to prepare his defense, we decline to address the underlying claim for a second time. We note, however, that the Rules of Criminal Procedure provide that when defense counsel desires further particulars after an original bill of particulars has been furnished, the proper action is to file a motion requesting the additional particulars within five days after the original bill is furnished. Pa.R.Crim.P., Rule 304(c), 42 Pa.C.S.A.

In this case, the certified record shows that trial counsel's request for a bill of particulars was docketed November 3, 1992, while the Commonwealth's response was docketed on December 15th. However, the certified record contains no indication that trial counsel ever requested additional particulars. We do not condone the deficient work of the District Attorney's Office. Nevertheless, because appellant never formally requested additional particulars in conformity with the established procedure, we agree with the trial court that the Commonwealth's incomplete bill of particulars did not constitute actual misconduct on the part of the prosecutor. *See* N.T. 5/10/93 at 5–6.

Appellant's remaining claims involve various contentions that prior counsel was ineffective. As previously discussed, this is appellant's first opportunity to challenge the representation provided by trial counsel. His claims are therefore properly before this panel. In some instances, a remand to the trial court might be necessary in order to rule on the merits of an ineffectiveness challenge raised for the first time on appeal. *See, e.g., Commonwealth v. Kauffman,* 405 Pa.Super. 229, 592 A.2d 91, *allocatur denied,* 529 Pa. 617, 600 A.2d 534 (1991). However, such a remand is appropriate only where it is impossible to tell from the record whether the actions of prior counsel could have had a rational basis. *Commonwealth v. Lott,* 398 Pa.Super. 573, 578–79, 581 A.2d 612, 615 (1990), *allocatur denied,* 527 Pa. 663, 593 A.2d 839 (1991). Remand is not required if an adequate record exists.

*Id.* "[W]here it is clear that allegations of ineffectiveness of counsel are baseless or meritless[,] then an evidentiary hearing is unnecessary and the unfounded allegations should be rejected and dismissed." *Commonwealth v. Clemmons*, 505 Pa. 356, 361, 479 A.2d 955, 957 (1984). As the record in the instant case is sufficient to facilitate our review, no need exists to delay the judicial process by vacating the judgment of sentence and remanding for a hearing.

■ We review a claim of ineffective assistance of counsel under the following standard:

First we must determine whether the issue underlying the claim is of arguable merit. *Commonwealth v. Evans*, 489 Pa. 85, 413 A.2d 1025 (1980). If the claim lacks merit, our inquiry ceases, as counsel will not be deemed ineffective for failing to pursue a baseless or meritless issue. *Commonwealth v. Nelson*, 514 Pa. 262, 523 A.2d 728 (1987). If, however, the claim has merit, we must then determine whether the course of action chosen by counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth v. Hentosh*, 520 Pa. 325, 554 A.2d 20 (1989). Finally, appellant must show that counsel's ineffectiveness so prejudiced his case that he was denied a fair trial. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

*Commonwealth v. March*, 528 Pa. 412, 414–15, 598 A.2d 961, 962 (1991). An allegation of ineffectiveness of counsel cannot be established without a finding of prejudice. *Id.* at 415, 598 A.2d at 963. *Accord Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989); *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988). Prejudice in the context of a claim of ineffective assistance of counsel is determined by an evaluation of whether "but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different." *Commonwealth v. Petras*, 368 Pa.Super. 372, 376, 534 A.2d 483, 485 (1987).

■ Appellant's first ineffectiveness claim centers on the familiar theme that he was entitled to a full bill of particulars with regard to the Commonwealth's intention to pursue an

accomplice liability theory. However, Appellant contends that trial counsel was culpable in failing to request further written particulars after the original bill was filed. We have already determined that the underlying issue has no arguable merit. Additionally, however, we find that appellant cannot show the requisite prejudice in this context. Appellant received actual notice at his preliminary hearing that the Commonwealth intended to proceed under an accomplice liability theory. There is no reasonable probability that the result at appellant's trial would have been different "but for" trial counsel's alleged failure to secure written notice of this fact.

The twelfth issue focuses on trial counsel's failure to properly file the amended omnibus pre-trial motion thereby depriving appellant of the opportunity to present his suppression motion, a request for pre-trial discovery, and a motion to dismiss. Unfortunately, appellant identified only the relief sought and not the grounds upon which the omnibus motion was premised. In making assertions of ineffectiveness, an appellant must allege sufficient facts upon which a reviewing court can conclude that trial counsel may have been ineffective; the appellate courts will not consider such claims in a vacuum. *Commonwealth v. Durst*, 522 Pa. at 4, 559 A.2d at 505; *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981). On the basis of the argument proffered, we are in no position to evaluate the underlying merit of appellant's claim since we cannot determine whether the omnibus motion stated any viable grounds on which the trial court could have granted relief. Contrary to appellant's unsupported assertion, in the absence of sufficient factual averments to support the conclusion that the underlying claim is meritorious, there is no possibility of concluding that "but for" counsel's omission, a reasonable probability exists that the result would have been more favorable to the petitioner. *See Commonwealth v. March, supra.*

The entire argument on the thirteenth ineffectiveness claim consists of the following two statements:

> Appellant next contends that Trial Counsel was ineffective for failure to object to hearsay testimony at [the] time of trial. A clear review of the trial transcript would indicate numerous occasions that counsel was ineffective for failing to object to hearsay statements made by Commonwealth witnesses.

Appellant's brief at 29. As discussed above, this court will not consider ineffectiveness claims in a factual vacuum. *See Commonwealth v. Durst* and *Commonwealth v. Pettus, supra.* Furthermore, we decline to become substitute counsel for appellant by searching the record for specific locations which might substantiate the bald assertion that trial counsel failed to object to unidentified hearsay testimony.

Next, appellant argues that trial counsel was ineffective for failing to request a poll of the jury, in accordance with Rule of Criminal Procedure 1120, when the verdict was announced. *See* Pa.R.Crim.P., Rule 1120(f), 42 Pa.C.S.A. (jury poll for unsealed verdicts). Appellant cites *Commonwealth v. Martin,* 379 Pa. 587, 109 A.2d 325 (1954) for the proposition that the defendant in a criminal case possesses an absolute right to have the jury polled. However, we disagree with this interpretation of *Martin,* which concerns the right to a jury poll only in the context of a capital case actually resulting in a death sentence.

In *Commonwealth v. Rivers,* 256 Pa.Super. 466, 390 A.2d 197 (1978), a seven judge panel of this court refused to find ineffective representation premised upon trial counsel's failure to request a jury poll where the jury's deliberation lasted only forty-five minutes and the jury foreman indicated two times that the verdict was unanimous, once to the court crier and once to the trial judge. *Id.* at 473–474, 390 A.2d at 200–201. The jury foreman in the instant case twice announced that the jury had reached a unanimous verdict on both counts charged: once to the tipstaff, and once to the trial court. N.T. 5/10/93 at 130–131. Moreover, the jury in this case needed to deliber-

ate for a period of less than one half hour.[6] As in *Rivers,* we are not prepared to hold that trial counsel was ineffective for failing to request that the jury be polled under such circumstances.

The fifteenth issue is similar to appellant's thirteenth claim in that the entire argument consists of two sentences which fail to identify the exact instances at trial when prior counsel was derelict in his duty:

> Appellant next contends that Trial Counsel was ineffective for failure to move to strike certain testimony and ask for curative instructions regarding said testimony at [the] time of trial. A clear review of the trial transcript would indicate numerous occasions that counsel was ineffective for failing to strike certain testimony and ask for curative instructions regarding said testimony.

Appellant's brief at 31. For the reasons already set forth in conjunction with our review of issue number thirteen, we decline to find trial counsel ineffective in this regard.

The sixteenth, and final, issue presented asserts that trial counsel was ineffective for failing to move for a mistrial after the lower court sustained an objection to hearsay evidence. Under Rule of Criminal Procedure 1118, a defendant must move for a mistrial at the time a prejudicial event is disclosed. Pa.R.Crim.P., Rule 1118(b). Otherwise any potential claim is waived and the defendant is entitled to relief only if the trial judge finds a new trial to be a "manifest necessity." *Id.* However, the trial court need not grant every request for a mistrial simply because inadmissible evidence is presented to the jury. A mistrial is an extreme remedy and is required only when the incident is of such nature that the unavoidable effect is to deprive the defendant of a fair trial. *Commonwealth v. Montgomery,* 533 Pa. 491, 497–98, 626 A.2d 109, 112–13 (1993); *Commonwealth v. Chambers,* 528 Pa. 558, 599 A.2d 630 (1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2290, 119 L.Ed.2d 214 (1992). *See also Commonwealth v. Larkins,* 340

6. The jury was excused at 4:02 p.m. and returned at 4:30 p.m. N.T. 5/10/93 at 127, 130.

Pa.Super. 56, 63, 489 A.2d 837, 840–41 (1985) ("prejudicial" in context of motion for mistrial denotes event which may reasonably be said to have deprived defendant of fair and impartial trial).

The specific test to be applied upon a motion for mistrial is whether improper evidence was admitted at trial, such as would so compromise the fact finder that it would be unable to remain impartial, thereby prejudicing the defendant beyond a reasonable doubt. *Commonwealth v. Dean*, 300 Pa.Super. 86, 91, 445 A.2d 1311, 1313 (1982). Appellant's claim is premised upon the following exchange which took place during the testimony of David Seda, an investigative agent of the Pennsylvania Office of the Attorney General, Bureau of Narcotics:

Q. [By the prosecutor]: Okay. All right. So, at this point, William leaves Reno's Bar; is that correct?

A. Not—we then, after having—I agreeing to the thirteen hundred, Mr. William informing me of this, he then—Mr. William then told me—told me that the cocaine that he was going to get me was good cocaine, and that anytime that I needed—

MR. PLACIDI: Your Honor. Your Honor, may we approach?

THE COURT: It's sustained. Hearsay. Is that what you were going to—

MR. PLACIDI: Yes, thank you.

N.T. 5/10/93 at 47.

We agree with appellant that this portion of the transcript clearly indicates that the jury heard inadmissible hearsay evidence. However, appellant has failed to explain the manner in which this testimony concerning the statements allegedly made by a third party so compromised the factfinder that it is beyond a reasonable doubt that the jury was unable to remain impartial. Moreover, our scrutiny of the record discloses no indication that appellant was deprived of a fair trial so as to justify the grant of a motion for a mistrial. In light of these circumstances, we conclude that the underlying

40

claim is meritless. Counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Silo*, 509 Pa. 406, 410, 502 A.2d 173, 175 (1985).[7]

Judgment of sentence affirmed.

7. Appellant's brief also contains the following averment: "Further, counsel failed to move for cautionary instruction regarding this information." While we do not disagree with this statement, we do not find it to be a developed argument alleging ineffectiveness which must be addressed on the merits. Accordingly, we consider any issue thus marginally identified to be waived. *See Commonwealth v. March* and *Commonwealth v. Rodgers, supra.*