J-S36021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                           :           PENNSYLVANIA
                                           :

           v.                               :
                                           :

ALFONZO ANTONIO WILSON        :
                                           :

          Appellant                  :     No. 1007 EDA 2017

Appeal from the Judgment of Sentence February 16, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005018-2016

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.:           **FILED SEPTEMBER 26, 2018**

Appellant, Alfonzo Antonio Wilson, appeals from the February 16, 2017 Judgment of Sentence entered in the Montgomery County Court of Common Pleas following his conviction of Propelling a Missile into an Occupied Vehicle, Recklessly Endangering Another Person, Criminal Mischief, and Disorderly Conduct.[1] After careful review, we affirm.

We briefly summarize the facts as gleaned from the Notes of Testimony and the trial court's November 20, 2017 Opinion as follows. On May 5, 2016, at approximately 11:20 PM, the Plymouth Township Police Department dispatched Officer Andrew Monaghan to 1200 Ridge Pike in Conshohocken, Montgomery County, in response to a 911 call reporting a disturbance. Upon his arrival, Officer Monaghan observed Appellant walking westbound on Ridge

---

[1] 18 Pa.C.S. § 2707(a); 18 Pa.C.S. § 2705; 18 Pa.C.S. § 3304(a)(5); and 18 Pa.C.S. 5503(a)(4), respectively.

Pike, with Damita Wilson ("Victim") following a short distance behind him in a car.

Officer Monaghan approached Appellant and the Victim. The Victim appeared disheveled, with ripped clothing and red marks and fingernail depressions around her neck. She also appeared to be in shock.

Officer Monaghan observed a large hole in the vehicle's rear passenger-side window, shattered glass strewn throughout the interior, and a rock resting in the vehicle's front passenger-side seat.

Shortly after Officer Monaghan's arrival, Appellant began aggressively yelling at him, resulting in Officer Monaghan restraining Appellant. Appellant did not appear disheveled or injured. Appellant explained to Officer Monaghan that he and the Victim had met in a parking lot that night to discuss issues concerning the custody of their child. Appellant and the Victim sat in the Victim's car for the discussion. He further explained that their discussion escalated to an argument, whereupon the Victim drove with Appellant in her car for a few blocks before asking Appellant to exit the vehicle. Appellant claimed that the Victim then attempted to strike him with her car and he threw a rock through the car's rear window in self-defense.

The Victim presented a different version of the incident. She confirmed to Officer Monaghan that she and Appellant had met to discuss custody matters, but she indicated that their disagreement had escalated to a physical altercation. She reported that Appellant had choked her and ripped her shirt before exiting her vehicle of his own accord. The Victim then called 911 to

report the incident. While she was on the phone with the dispatcher, Appellant threw a rock into the Victim's car. The rock smashed her rear passenger-side window, hit the dashboard, and came to rest on the front passenger seat. The Victim proceeded to follow Appellant for several blocks with her car to ensure police apprehended him.

Appellant proceeded to a non-jury trial on February 16, 2017. The Commonwealth presented the testimony of the Victim and Officer Monaghan. The court also admitted into evidence surveillance video showing the Victim driving her vehicle away from Appellant, and not toward Appellant in an attempt to hit him as he claimed. The surveillance video also captured images of Appellant foregoing several opportunities to evade the Victim. In fact, it showed Appellant arming himself with a rock, running out after the Victim's car, and proceeding to smash its rear passenger-side window by throwing the rock at it.

Appellant testified on his own behalf, maintaining that he acted in self-defense. He did not present any additional witnesses. Appellant and the Victim offered largely inconsistent testimony. The Commonwealth stipulated to Appellant's reputation for being truthful, law-abiding, and peaceful. The trial court was unpersuaded, however, by Appellant's self-defense claim and convicted Appellant of the above charges.[2] That same day, the court sentenced Appellant to time-served.

---

[2] The court found Appellant not guilty of Simple Assault. **See** 18 Pa.C.S. § 2701(a)(1).

Appellant filed a Post-Sentence Motion, which the trial court denied by Order docketed on March 3, 2017. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant has raised the following two issues on appeal:

1. Did the trial court abuse its discretion in determining that Appellant's conviction was not contrary to the weight of the evidence, where it was manifestly unreasonable for the trial court to base Appellant's conviction upon the contradictory, self-serving, biased testimony of an unstable, dangerous witness?

2. Did the trial court erroneously exclude evidence that the complainant stalked, threatened, harassed, and attacked Appellant on dates after the incident in question, where evidence of specific instances of the complainant's conduct was admissible to prove her propensity for violence and aggressiveness and to prove that she was the aggressor during the instant confrontation?

Appellant's Brief at 5.

In his first issue, Appellant challenges the trial court's denial of his weight of the evidence claim. In particular, Appellant complains that the court erred in crediting the Victim's testimony over his. Specifically, Appellant claims that the court erred by, on the one hand, acknowledging that he credibly testified about years of threats and harassment he suffered at the hand of the Victim while, on the other hand, disbelieving his testimony that he was acting in self-defense on the night of this incident. *Id.* at 18-19. Appellant cites the trial court's explanation for not imposing upon him a probationary sentence to support his claim that the trial court should not have

credited the Victim's testimony.[3] *Id.* at 19. He further avers that, where the Victim's testimony at trial was inconsistent with her statement to Officer Monaghan immediately following the incident, the court should have relied on Officer Monaghan's testimony regarding the Victim's statements immediately following the incident and disregarding the Victim's in-court testimony.[4] *Id.* at 19-22.

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and citation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Talbert*, *supra* at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the

_____

[3] In explaining its imposition of a "no further penalty" sentence, the trial court observed: "I don't trust the dynamics of [the Victim] to give her the power over you and supervision to just risking – calling the police . . . caus[ing] you to be incarcerated." N.T., 2/16/17, at 7.

[4] Appellant's counsel elicited testimony from the Victim on cross-examination in which she admitted that her trial testimony differed from the statement she initially made to Officer Monaghan. N.T., 2/16/17, at 43. Likewise, Officer Monaghan testified that surveillance video did not corroborate the statement the Victim made to him at the scene. *Id.* at 63.

post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. *See id.* at 545-46. "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." *Id.* at 546. "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.*

Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* (internal quotation marks and citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

"[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in

concluding whether the verdict was against the weight of the evidence. ***Commonwealth v. Widmer***, 744 A.2d 745, 751 n.3 (Pa. 2000).

In her Rule 1925(a) Opinion, The Honorable Gail A. Weilheimer acknowledged the tumultuousness of Appellant's relationship with Victim and that Appellant "credibly testified as to numerous violent past transgressions of Victim against him and his family." Trial Ct. Op., 11/20/17, at 7. Nevertheless, it found that the Commonwealth met its burden of disproving Appellant's claim that he was acting in self-defense at the time of the instant incident. ***Id.*** at 7-8. Our review indicates that the trial court carefully evaluated the record and the evidence in reviewing Appellant's weight claim. ***See id.*** at 9-11 (observing that Officer Monaghan's testimony and the Commonwealth's video evidence corroborated the majority of the Victim's version of events, and concluding that, when viewed *in toto*, the evidence weighed heavily in favor of the Commonwealth).

Appellant essentially asks us to reassess the credibility of Officer Monaghan, Appellant, and the Victim, and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record shows that the evidence is not tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence as to shock the court's conscience. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's weight claim.

In his second issue, Appellant claims that the trial court erred in excluding evidence that the Victim acted violently towards him after the

incident that gave rise to the instant charges. Appellant's Brief at 23. Appellant argues that he sought to introduce this evidence "to prove the [Victim's] allegedly violent propensities," not to bolster his self-defense claim *per se*. **Id.**, citing **Commonwealth v. Amos**, 284 A.2d 748, 751 (Pa. 1971).[5] He emphasizes that he did not seek the introduction of this evidence to "explain why he felt fear, earlier, on the date in question" but rather simply as "additional objective evidence that [the Victim] was a violent person." **Id.** at 24-25.

The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." **Commonwealth v. Tyson**, 119 A.3d 353, 357 (Pa. Super. 2015) (citation and quotation omitted). "[A]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence or the record." **Commonwealth v. Cameron**, 780 A.2d 688, 692 (Pa. Super. 2001) (citation and quotation omitted).

Relevance is the threshold for admissibility of evidence. **Commonwealth v. Cook**, 952 A.2d 594, 612 (Pa. 2008). "In a criminal case, [] evidence is admissible only if the probative value of the evidence outweighs

---

[5] **Amos** concerns, *inter alia*, the introduction of evidence of a murder victim's prior convictions in support of the defendant's self-defense claim. It does not address the introduction of evidence of a victim's post-incident conduct as evidence of the victim's propensity for violent behavior.

its potential for unfair prejudice." Pa.R.E. 404(b)(2). **See also** Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 404.11 *et. seq.* (2017 ed. LexisNexis Matthew Bender). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Pa.R.E. 401; **Commonwealth v. Serge**, 896 A.2d 1170, 1177 (Pa. 2006). "Evidence that is not relevant is not admissible". Pa.R.E. 402.

Appellant's argument is unavailing. The Victim's post-incident conduct was not relevant to the crimes for which Appellant stood trial. Because it was not relevant, it was inadmissible. We conclude, therefore, that the trial court did not abuse its discretion in excluding Appellant's proffered testimony of the Victim's post-incident conduct.

Further, Appellant has not supported his claim that such evidence shows the victim's propensity for violence with citation to any authority. Accordingly, even if this claim had merit, Appellant would have waived it. **See Commonwealth v. Perez**, 93 A.3d 829, 838 (Pa. 2014) (reiterating that, to the extent that an appellant's brief fails to contain citation to supporting authorities, his unsupported claims are waived)

Finding no merit to either of Appellant's issues, we affirm his Judgment of Sentence. The parties are instructed to attach a copy of the trial court's November 20, 2017 Opinion to all future filings.

Judgment of Sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/18

CLERK OF COURTS

MONTGOMERY COUNTY
PENNA.

2017 NOV 20 PM 2: 53

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | **Common Pleas Court No:** |
| | : | **CP-46-CR-0005018-2016** |
| v. | : | |
| | : | **Superior Court No:** |
| ALFONZO WILSON | : | **1803 EDA 2016** |
| Defendant/Appellant. | : | |

## OPINION

**WEILHEIMER, J.**            November 20 , 2017

Alfonzo Wilson, ("Appellant"), appeals his conviction after he was found guilty by the undersigned beyond a reasonable doubt. Appellant argues the trial court abused its discretion in denying him a new trial, or alternatively, for finding him guilty. Specifically, Appellant alleged his guilty verdict was against the weight of the evidence, as he alleged he only threw a rock at Damita Wilson's ("Victim") car in self-defense after Victim engaged in a protracted course of stalking, threatening, harassing, and attacking him. Appellant further alleged the trial court erroneously excluded evidence of Victim's stalking and harassing behavior on dates after the incident in question, as a claim of self-defense permits evidence of Victim's prior conduct to demonstrate her propensity for violence and aggressiveness, citing to Pa. R.E. 404(a)(2)(B). For the reasons that follow, the trial court was within its discretion in finding Appellant's guilty verdict was not against the weight of the evidence, and its subsequent denial of a new trial should be affirmed.

## FACTUAL HISTORY

On May 5, 2016, at roughly 11:20 P.M., Officer Monaghan ("Affiant") of the Plymouth Township Police Department was dispatched to 1200 Ridge Pike, Conshohocken, Pennsylvania in response to a call regarding a disturbance. (N.T. – Bench Trial at 52:23-25, 53:7-22, 57:15-17). Upon the Affiant's arrival to the scene, he observed Appellant walking westbound toward Norristown on Ridge Pike, with Victim

A - 1

following a short distance behind him in her vehicle. (*Id.* at 57:11-14.) Affiant approached the two and observed a disheveled Victim with ripped clothing, and red marks and fingernail depressions around her neck; Affiant also noticed Victim appeared to be in a state of shock. (*Id.* at 54:2-10, 18-22, 25.) Affiant further observed a large hole in the vehicle's back passenger-side window, shattered glass strewn throughout the interior, and a rock resting in the vehicle's front passenger seat. (*Id.* at 60:11-15, 25, 61:2-6, 16-20.)

Appellant began aggressively yelling at Affiant shortly after he arrived, at which point Affiant detained Appellant for his safety. (*Id.* at 58:2-8.) Affiant observed that Appellant did not appear disheveled or injured, nor was any of his clothing torn. (*Id.* at 58:9-21.) After detaining Appellant, Affiant was able to converse with him, at which time Appellant explained the purpose of meeting with Victim that night was to discuss custody matters concerning their child. (*Id.* at 59:3-4.) Affiant was further informed by Appellant that the discussion with Victim escalated into a verbal argument, at which point Victim drove several blocks with Appellant still in the vehicle before pulling over and asking Appellant to exit the vehicle; Victim then allegedly drove the vehicle at him in an attempt to strike him. (*Id.* at 59:10-16.) Affiant further questioned Appellant regarding the rock smashing the vehicle's rear window, to which Appellant was reluctant to answer but again stressed Victim's attempt to strike him with the vehicle. (*Id.* at 59:25, 60:2-6.)

Appellant's version of the incident was not corroborated by Victim upon questioning by Affiant. (*Id.* at 62:12-17.) Upon speaking with Affiant, Victim confirmed the reason for meeting with Appellant was to discuss custody matters, but she indicated that the discussion escalated into not only a verbal argument, but also a physical altercation, wherein Appellant choked her and ripped her shirt before exiting the vehicle on his own accord. (*Id.* at 18:20-25, 19:2-3, 26:15-25, 27:9-10.) As a result of Appellant's physical assault, Victim alerted local law enforcement about the incident and proceeded to follow Appellant in her vehicle to maintain visual contact of his location to ensure his apprehension by police. (*Id.* at 27:19-25, 28:2-12.) While Victim was in her vehicle disclosing the location of Appellant

A 2

to the 9-1-1 dispatcher, Appellant threw a rock, smashing her rear passenger-side window, which subsequently hit the front dashboard before coming to rest on the front passenger seat. (*Id.* 29:6-13.)

## PROCEDURAL HISTORY

On July 6, 2016, the Criminal Complaint and Affidavit of Probable Cause were filed, which included investigatory details regarding the domestic disturbance incident that occurred on May 5, 2016. (*See* Criminal Complaint, July 6, 2016.) On August 17, 2016, the Bill of Information was filed, charging Appellant with five (5) different counts: one (1) count of Propelling a Missile into Occupied Vehicle, one (1) count of Simple Assault, one (1) count of Recklessly Endangering Another Person, one (1) count of Criminal Mischief, and one (1) count of Disorderly Conduct. (*See* Bill of Information, August 17, 2016.)

On December 23, 2016, a one (1)-day jury trial was scheduled to commence on February 17, 2017. (*See* Pre-Trial Conference Order, December 23, 2016.) On February 16, 2017, Appellant was informed prior to the start of jury selection, *inter alia*, that a jury would be chosen from members of the community, thereby producing a jury of peers, a verdict rendered by a jury must be unanimous, and Appellant would be permitted to participate in the selection of the jury panel. (*See* Waiver of Jury Trial, February 16, 2017.) Thereafter, Appellant knowingly and intelligently waived his right to a jury trial and elected to be tried by the undersigned. (*Id.*) Following the bench trial, Appellant was found guilty beyond a reasonable doubt of Counts 1, 3, 4, and 5; namely, one (1) count of Propelling a Missile into Occupied Vehicle, one (1) count of Recklessly Endangering Another Person, one (1) count of Criminal Mischief, and one (1) count of Disorderly Conduct. (*See* Disposition, February 16, 2017.) On the same day, February 16, 2017, Appellant was sentenced to "determination of guilt without further penalty."

On February 27, 2017, Appellant filed a Post-Sentence Motion, alleging his guilty conviction was against the weight of the evidence because the Commonwealth failed to meet its burden to disprove Appellant's self-defense theory beyond a reasonable doubt. (*See* Appellant's Post-Sentence Motion, February 27, 2017.) On February 28, 2017, upon consideration of said Post-Sentence Motion, the trial court denied relief, as the weight of the evidence proved Appellant was guilty of propelling a missile into

A 3

an occupied vehicle, recklessly endangering Victim, criminal mischief and disorderly conduct beyond a reasonable doubt, including supporting evidence from witnesses, Damita Wilson, and Officer Andrew Monaghan, as stated in the factual history section, *supra*. (*See* Trial Court Order, February 28, 2017.)

On March 22, 2017, Appellant filed his Notice of Appeal with the Superior Court of Pennsylvania ("Superior Court"), and on March 27, 2017, the trial court ordered him to file his Concise Statement of Matters Complained on Appeal ("Concise Statement") pursuant to Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.), Rule 1925(b). (*See* Notice of Appeal, March 22, 2017; Court Order, March 24, 2017.) On April 7, 2017, Assistant Public Defender, Raymond D. Roberts, Esquire, petitioned the trial court for a sixty (60)-day extension to file Appellant's Concise Statement, which was granted on April 20, 2017, extending the deadline to June 19, 2017. (*See* Appellant's Motion for Extension of Time, April 7, 2017; Court Order, April 20, 2017.) On May 8, 2017, Appellant timely filed his Concise Statement, raising the following three (3) issues:

1. THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE WHERE APPELLANT CREDIBLY TESTIFIED THAT HE ONLY THREW A ROCK AT THE COMPLAINANT'S CAR, TO CHASE HER AWAY, AFTER THE COMPLAINANT ENGAGED IN A PROTRACTED COURSE OF STALKING, THREATENING, HARASSING, AND ATTACKING HIM.

2. THE TRIAL COURT ERRONEOUSLY EXCLUDED EVIDENCE THAT THE COMPLAINANT STALKED, THREATENED, HARASSED, AND ATTACKED APPELLANT ON DATES AFTER THE INCIDENT IN QUESTION. EVIDENCE OF SPECIFIC INSTANCES OF THE ALLEGED VICTIM'S CONDUCT WAS ADMISSIBLE UNDER Pa.R.E. 404(a)(2)(B) TO PROVE THE ALLEGED VICTIM'S CHARACTER FOR VIOLENCE AND AGGRESSIVENESS.

3. THE TRIAL COURT ERRONEOUSLY EXCLUDED EVIDENCE THAT THE COMPLAINANT STALKED, THREATENED, HARASSED, AND ATTACKED APPELLANT ON DATES AFTER THE INCIDENT IN QUESTION. WHEN A CLAIM OF SELF-DEFENSE IS PROPERLY AT ISSUE, EVIDENCE OF THE ALLEGED VICTIM'S PRIOR AGGRESSIVE ACTIONS MAY BE ADMITTED AS

A4

PROPENSITY EVIDENCE AND AS INDIRECT EIVDENCE THAT THE ALLEGED VICTIM WAS IN FACT THE AGGRESSOR.

(Appellant's Concise Statement, 05-08-2017.)

## DISCUSSION

### I. STANDARD OF REVIEW

The issues put forth in Appellant's Concise Statement, specifically those pertaining to the suppression, admission and sufficiency of evidence, prompt the Superior Court to apply the following two (2) standards of review in its review of the instant Appeal:

"An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Stokes*, 78 A.3d 644, 650-51 (Pa. Super. 2013) (citing *Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000)). An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. *Commonwealth v. Cousar*, 928 A.2d 1025, 1035-36 (Pa. 2007) (citing *Commonwealth v. Keaton*, 729 A.2d 529, 540-41 (Pa. 1999)). Thus, the trial court's determination whether to grant a new trial will not be disturbed on appeal absent an abuse of discretion. *See Stokes, supra.*

The "standard of review of a trial court's decision to admit or exclude evidence is well-settled: When [the Superior Court] review[s] a trial court ruling on admission of evidence, [it] must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law." *Stumpf v. Nye*, 950 A.2d 1032, 1035–36 (Pa. Super. 2008). "In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party." *Id.* "When reviewing the denial of a motion *in limine*, [the Superior Court] applies an evidentiary abuse of discretion standard of review." *Stokes*, 78 A.3d at 654 (citation omitted). (citing *Commonwealth v. Zugay*, 745 A.2d 639 (Pa. Super. 2000), *appeal denied*, 795 A.2d 976 (Pa. 2000) (explaining that motion *in limine* procedure to obtain ruling on admissibility of

A 5

evidence prior to trial is similar to ruling on motion to suppress, and thus, standard of review of motion *in limine* is the same as motion to suppress).

"An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *Nye*, 950 A.2d at 1035-36. In *Widmer*, *supra*, the Superior Court reiterated the well-known definition of 'abuse of discretion' as follows:

> The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents *not merely an error of judgment*, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Id.* at 753 (emphasis added).

## II. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY DENYING DEFENDANT'S POST-TRIAL MOTION FOR A NEW TRIAL BECAUSE APPELLANT'S GUILTY VERDICT WAS NOT CONTRARY TO THE WEIGHT OF THE EVIDENCE.

The first issue raised in Appellant's Concise Statement pertains to the guilty verdict being against the weight of the evidence. (*See* Appellant's Concise Statement ¶ 1.) Therein, Appellant alleged that his conduct in throwing a rock at Victim's car arose only after being harassed and attacked by Victim, and therefore, was justified. *Id.* While Appellant believes his testimonial evidence was credible enough to result a verdict of not guilty, the weight of the evidence is analyzed, *in toto*; thus, the trial court must analyze all of the evidence, not just Appellant's testimony in a vacuum. For the reasons that follow, the trial court did not abuse its discretion in finding Appellant guilty because the verdict was not against the weight of the evidence.

"A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." *Widmer*, 744 A.2d at 751 (citing

A 6

*Commonwealth v. Whiteman*, 485 A.2d 459 (Pa. Super. 1984)). *See also Tibbs v. Florida*, 457 U.S. 31, 38 fn. 11, (1982)) ("The [trial] court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for *itself* the credibility of the witnesses.") (emphasis added). "An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Stokes*, 78 A.3d at 650-51 (citing *Widmer*, 744 A.2d at 751-52). "An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence." *Cousar*, 928 A.2d at 1035-36 (citing *Keaton*, 729 A.2d at 540-41).

"The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Id.* "The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." Trial judges, then, must "determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Widmer*, 744 A.2d at 751–52 (citations and internal quotations omitted). The Superior Court shall only grant relief "where the facts and inferences of record disclose a palpable abuse of discretion" in reaching this determination. *Cousar*, 928 A.2d at 1035-36. "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Id.* (citing *Keaton, supra*); *Stokes*, 78 A.3d at 651 (citing *Widmer, supra*).

Here, Appellant alleged the Commonwealth failed to disprove his self-defense theory beyond a reasonable doubt, as his testimony illustrated he acted in self-defense against Victim only after she engaged in a protracted course of stalking, threatening, harassing, and attacking him. (*See* Appellant's Concise Statement ¶ 1; Defendant's Post-Sentence Motion, February 27, 2017.) To his credit, Appellant credibly testified as to numerous violent past transgressions of Victim against him and his family. Indeed, the trial court was fully aware of the toxic dynamic between Appellant and Victim, but nonetheless properly found the Commonwealth met its burden of disproving Appellant's theory of self-defense at the time of the incident in question. (*See* N.T. — Bench Trial/Sentencing at 2:13-22, 3:8-17.)

While it is clear Victim has behaved inappropriately toward Appellant in the past, Appellant's actions at the time of the incident nonetheless satisfied, beyond a reasonable doubt, the criminal elements of propelling a missile into an occupied vehicle; recklessly endangering Victim; criminal mischief; and disorderly conduct. The trial court noted the same on the record as follows:

THE COURT: I have no doubt that [Victim], the mother of your daughter, has been harassing you, stalking you, and caused significant problems in your life. There is no doubt in my mind.

I think there is also a problem that you haven't followed through in the way you should, whether it be on 9-1-1 calls, when you hung up the phone and didn't let the police come, when you don't show up for your PFAs, and you also haven't' done what you're supposed to.

And I say that as a preface to this, because when your attorney described this as a tumultuous relationship, there is no question that that exists. There is no question that [Victim] has caused significant problems in your life.

And I say that on the record and I will ask that this aspect to be transcribed, because I don't want what I am going to do next to come out as some justification in any way of her actions toward you.

But separate and apart from her actions towards you whether or not your actions on this night of May 5th were, in fact, justified, based on your contact with her, and the [c]ourt does not find that that's the case.

The Commonwealth has met its burden and disproved that this was in any way based on self defense as it relates to all charges but the simple assault charge. So I find you guilty of all charges but simple assault.

(N.T. – Jury Trial at 2:13-25; 3:2-17.) Thus, Appellant's guilty verdict was not against the weight of the evidence.

*A* 8

The inconsistent testimony of both Appellant and Victim, viewed in conjunction with Affiant's observations and the video evidence, is telling. One of the only consistencies between the testimonies was that the parties met on the night of May 5, 2016, to discuss custody matters regarding their daughter. (*See* N.T. – Bench Trial at 16:13-16, 69:11-15.) Appellant testified that Victim became irate and aggressive toward him during the custody discussion that took place within her vehicle; thereafter, she proceeded to drive away with him in the vehicle against his will for several blocks before he could safely exit. (*Id.* at 71:9-25, 72:2-13, 73:16-25, 74:5-8, 19-25.) Appellant further testified that, in fearing for his safety based on prior incidents, he threw a rock through the Victim's rear passenger window as she followed him in her vehicle. (*Id.* at 77:20-24, 78:4-8, 18-25, 79:2-5, 80:5-11.) After Appellant shattered Victim's window, he continued to walk along Ridge Pike to evade her, yet she continued to follow him closely in her vehicle. (*Id.* at 81:2-13.) Again, fearing for his safety, Appellant testified that he reached into the vehicle and grabbed Victim's shirt in an attempt to scare her off; in doing so, Victim accelerated, which caused the shirt to inadvertently rip. (*Id.* at 81:14-25, 82:13-22.) Notably, Appellant also testified that, despite photographic evidence of redness and markings on her neck, he never choked or strangled her during the incident in question. (*Id.* at 75:13-16, 109:10-25, 110:2-3, 11-23.)

In contrast, Victim testified Appellant was actually the initial aggressor, as the custody discussion escalated when he began physically choking her out of frustration, and then proceeded to rip her shirt before exiting the vehicle on his own accord. (*Id.* at 18:10-25, 19:2-3, 23-25, 20:2-13.) Thereafter, Appellant began walking away from her into the Conicelli Car Dealership parking lot located on Ridge Pike, Norristown, Pennsylvania. (*Id.*) Victim testified she followed Appellant, not for the purpose of harassing him, but rather to ensure the police could locate and apprehend him, and that he would be held accountable for his actions. (*Id.* at 27:15-25, 28:2-25, 31:23-25.) Victim further testified while she was reporting the first assault to the 9-1-1 dispatcher, Appellant threw a rock through her rear passenger window before attempting to flee. (*Id.* at 29:2-15, 30:7-14.)

A9

Affiant's testimony corroborated the majority of Victim's version of events during the incident in question. Specifically, Affiant first observed Victim following Appellant but did not observe her harassing or threatening him with her vehicle. (*Id.* at 57:11-14.) In fact, while questioning the parties, Affiant had to detain Appellant due to his erratic and aggressive behavior. (*Id.* at 58:2-8.) Affiant also observed Appellant appeared to be unscathed and his clothing intact; whereas, Victim appeared to be in a state of shock with a ripped shirt, and redness and apparent nail marks around her neck. (*Id.* at 54:2-10, 54:18-22, 54:25, 58:9-21.) Affiant also confirmed the rear passenger-side window of Victim's vehicle had been shattered by a rock that was located on the front passenger seat. (*Id.* at 60:11-15, 25, 61: 2-6, 16-20.)

The video evidence further corroborated Victim's testimony by establishing that she did not drive her vehicle toward Appellant in an attempt to hit him but rather away from him, at which time he threw a rock and smashed a hole through Victim's rear passenger window. (*Id.* at 117:6-21, 118:3-12.) Appellant even testified on cross-examination that the video evidence showed him approaching Victim's vehicle with a rock in hand, at which point the vehicle veers *away* from him. (*Id.* at 118:14-25.) Moreover, said evidence simultaneously contradicts Appellant's theory of self-defense (*i.e.* that he acted out of fear of Victim) as he forewent several opportunities to safely evade the Victim, including flagging down passing cars to call 9-1-1 or simply reversing his direction on Ridge Pike to walk against traffic; instead, Appellant directly confronted Victim and proceeded to throw a rock, smashing Victim's rear window as she veers away. (*Id.* at 114:20-25, 115:2-14.) It is clear Appellant was acutely aware of Victim's presence in the vehicle when he threw the rock, but nonetheless proceeded in the course of action that amounted to the instant criminal charges.

The above evidence borne out at trial, when analyzed *in toto*, weighs heavily in favor of the Commonwealth, such that it met its burden of disproving Appellant's self-defense theory. Not only did Appellant forego alternative actions that would have de-escalated and removed him from the situation, thereby precluding the instant criminal charges, but he also failed to cite any credible evidence indicating

*A* 10

he held a reasonable fear for his safety. As such, the trial court, while acknowledging the toxic and violent past between the parties, properly found Appellant's actions amounted to propelling a missile into an occupied vehicle, recklessly endangering the Victim, criminal mischief, and disorderly conduct.

Therefore, the trial court did not abuse its discretion in finding Appellant's guilty verdict was not against the weight of this evidence.

III. **THE TRIAL COURT DID NOT ABUSE ITS DICRETION IN SUPPRESSING EVIDENCE OF SPECIFIC INSTANCES OF FUTURE CONDUCT BY THE VICTIM TO PROVE HER PROPENSITY FOR VIOLENCE BECAUSE THE EVIDENCE DOES NOT SUPPORT A CLAIM OF SELF-DEFENSE.**

The second and third issues raised by Appellant in his Concise Statement alleged the erroneous exclusion of evidence of Victim's conduct on dates after the incident in question, and thus, will be analyzed together within this Section II. (*See* Appellant's Concise Statement ¶ 2-3.) Issue 2 and 3 are waived because defense counsel failed to make a timely objection to the trial court's suppression of Appellant's testimony. However, should the Superior Court find Appellant preserved this objection, the trial court was within its discretion to suppress Appellant's testimony because any conduct by the Victim that occurred after the incident in question was irrelevant to the theory of self-defense. Moreover, even if the Superior Court finds Victim's actions after-the-fact were relevant to Appellant's theory of self-defense, the trial court properly excluded the same because such evidence amounts to improper character evidence under the evidentiary rules.

Rule 302 of the Pennsylvania Rules of Appellate Procedure (Pa. R.A.P.) provides generally, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a). "[A]s reflected in [...] Rule 302(a), appellate courts generally will not entertain claims raised for the first time on appeal. [...] [S]uch a prohibition is preferred because the absence of a trial court opinion can pose a 'substantial impediment to meaningful and effective appellate review.'" *Commonwealth v. Freeman*, 827 A.2d 385, 393–94 (Pa. 2003) (citing *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998). *See also Commonwealth v. Montalvo*, 641 A.2d 1176 (Pa. Super. 1994) ("The

A 11

Superior Court will not consider a claim on appeal which was not called to the trial court's attention at a time when any error committed could have been corrected.") (citing *Commonwealth v. Smith*, 606 A.2d 939 (Pa. Super. 1992). Likewise, "[a] party may claim error in a ruling to admit [...] evidence only if [...] a party, on the record [...] makes a *timely* objection, motion to strike, or motion *in limine*[,] and [...] states the specific ground, unless it was apparent from the context[.]" Pa. R.E. 103(a)(1) (emphasis added). Thus, "[i]n order to preserve an issue for review, a party must make a timely and specific objection." *Montalvo*, 641 A.2d 1176 (citing *Smith*, 606 A.2d 939).

Furthermore, "[a]ll relevant evidence is admissible, except as otherwise provided by law." Pa. R.E. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would without the evidence" and "the fact is of consequence in determining the action." Pa. R.E. 401(a)-(b). "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa. R.E. 403. "Subject to limitations imposed by statute a defendant may offer evidence of an alleged victim's pertinent trait. . ." Pa. R.E. 404(a)(2)(B). However, "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa. R.E. 404(b)(1). Yet, there is an exception to this rule, such that evidence of a crime, wrong, or *other act* "[m]ay be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa. R.E. 404(b)(2). "In a criminal case, this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." *Id.*

Here, Appellant waived issues 2 and 3 because defense counsel failed to make a timely and specific objection to the suppression of Appellant's elicited testimony. (*See* N.T. – Bench Trial at 92:24-25, 93:2-25, 94:2-25, 95:2-3.) However, even if defense counsel had successfully preserved this issue for appellate review, Appellant's testimony as to Victim's conduct on dates after the incident in question were properly suppressed because said conduct was irrelevant to Appellant's theory of self-defense.

A 12

Namely, Appellant attempted to testify that Victim's conduct toward him, on dates *after* the incident in question, justified Appellant's use of force in self-defense on May 5, 2016. *Id.* Said evidence bore no weight on the tendency to make the fact that Appellant acted in self-defense on the night in question any more or less probable, and thus, was not a fact of consequence in determining Appellant's guilt for the instant criminal charges. In other words, the evidence was irrelevant because Appellant's theory of self-defense pinned on his claim he feared for his safety during the incident—actions by Victim after the accident could not possibly have contributed to his alleged fear on the night in question.

Moreover, even if said evidence was relevant, the trial court did not abuse its discretion in suppressing it because it constituted impermissible character evidence. Namely, defense counsel attempted to elicit testimony of Victim's conduct on dates *after* the incident in question in order to prove her character for violence and aggressiveness, and that she previously acted in conformity therewith on May 5, 2016. *Id.* It is well established that evidence of a crime, wrongdoing or other act is not admissible to prove conformity therewith, unless an exception applies. *See* Pa. R.E. 404(b)(1)-(2). Yet, defense counsel failed to argue any exception applied, and in fact, only argued that Appellant's testimony regarding Victim's subsequent conduct was being introduced to prove Victim's propensity for violence and to establish Appellant's mindset for self-defense on the night in question. (*See* N.T. – Bench Trial at 93:12-18.) Again, Appellant essentially argued that Victim's conduct on dates after the incident in question ultimately influenced his mindset for self-defense on May 5, 2016. As such, said evidence constitutes impermissible character evidence.

Therefore, Appellant waived his objection to the trial court's suppression of Victim's conduct on dates after the incident in question, or alternatively, the trial court did not err in suppressing the same because said evidence was irrelevant to Appellant's theory of self-defense and constituted impermissible character evidence.

## CONCLUSION

Wherefore, the reasons stated above, the trial court's decisions were proper and should be affirmed.

BY THE COURT:

GAIL A. WEILHEIMER,　J.

**Copy mailed on November 20, 2017, to:**
Superior Court Prothonotary
PD's Office – Paul George, Esquire
DA's Office – Appellate Division
MCCF – Appellant, Alfonzo Wilson, 2854 N. Bonsall St., Phila., PA 19132

A 14