J-S82036-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT ARENAS, | : | |
| | : | |
| Appellant | : | No. 3924 EDA 2017 |

Appeal from the PCRA Order November 3, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002104-2015

BEFORE:    LAZARUS, J., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 12, 2019**

Robert Arenas (Appellant) appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

On April 5, 2016, Appellant entered a negotiated plea, under which he pleaded guilty to robbery, aggravated assault, conspiracy, and possession of a firearm by a person prohibited, in exchange for an aggregate sentence of 7½ to 15 years' incarceration plus credit for time served.  No direct appeal was filed.

On January 23, 2017, Appellant timely filed a PCRA petition. Counsel was appointed and filed an amended petition on May 9, 2017.  On September 29, 2017, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907.  Appellant

_____
*Retired Senior Judge assigned to the Superior Court.

did not file a response and on November 3, 2017, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.[1] On appeal, Appellant argues that he is entitled to relief based upon his claim that his guilty plea resulted from plea counsel's ineffective assistance. Appellant's Brief at 8. The following legal principles apply to Appellant's claim.

Our standard of review of a PCRA court order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Perez**, 103 A.3d 344, 347 (Pa. Super. 2014) (internal citation and quotation marks omitted).

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

**Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted).

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief

---

[1] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Barndt***, 74 A.3d 185, 192-93 (Pa. Super. 2013)

(citations and quotation marks omitted).

In this case, in support of his sole claim on appeal, Appellant's entire argument is as follows:

Here, [plea] counsel [was] faced with a client who was having mental health problems [and] failed to move the [trial court] for a continuance; failed to move the [trial court] to have [Appellant] examined that day; and failed to give otherwise proper advice to [Appellant] with regard to all of the consequences of his plea. [Appellant], not fully understanding the nature and consequences of the plea cannot be said to have offered the plea in a knowing, intelligent and voluntary fashion. Thus, [Appellant] should have been granted an evidentiary hearing; [Appellant] should have been granted the right to withdraw his guilty plea and go to trial.

Appellant's Brief at 8.[2]  With the exception of case law, Appellant's "argument" is essentially bald assertions with no accompanying support or citations to the record.

---

[2] In addition to the aforementioned claim, in his concise statement, Appellant averred plea counsel was "ineffective when he failed and refused to file a motion to withdraw [Appellant's guilty] plea[.]"  Concise Statement, 12/26/2017, at 2 (unnecessary capitalization omitted).  However, Appellant's

It is Appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors. If an appellant does not do so, we may find the argument waived.

*Commonwealth v. Gibbs*, 981 A.2d 274, 284 (Pa. Super. 2009). Here, we find that Appellant has failed to develop his issues "in any meaningful fashion capable of review." *Commonwealth v. Walter*, 966 A.2d 560, 566 (Pa. 2009). Thus, Appellant's claim is waived.

Even if we were to reach the merits of Appellant's claim, he would not prevail on appeal. Here, the PCRA court found Appellant, who bore the responsibility of pleading and proving all three prongs of the test for ineffectiveness, failed to meet his burden.

> [W]ith regard to Appellant's contention that counsel knew or should have known that he was suffering from mental health issues and was under the effects of medication that rendered him incapable of entering a valid guilty plea, Appellant did not include any evidence in his various post-conviction filings to substantiate his claim such as medical records or evidence identifying and describing the nature of his mental health problems and the medication he was taking and how they impeded or impaired his ability to enter a knowing, intelligent, and voluntary guilty plea. This was fatal to his claim because, under the PCRA, a litigant has the burden of pleading grounds that support his or her allegations. *See Commonwealth v. Williams*, 782 A.2d 517, 526 (Pa. 2001) ("[T]he PCRA requires a petitioner to **plead and prove** his claim, and, therefore, the dismissal of claims is appropriate where the

---

argument omits any reference to this issue. Thus, Appellant has abandoned this claim for purposes of appellate review. *See Commonwealth v. Montalvo*, 641 A.2d 1176, 1184 (Pa. Super. 1994) *citing Commonwealth v. Rodgers,* 605 A.2d 1228, 1239 (Pa. Super. 1992) ("[W]e must deem an issue abandoned where it has been identified on appeal but not properly developed in the brief.").

- 4 -

pleadings are insufficient to state a claim for post-conviction relief) (emphasis in original).

In addition, th[e PCRA court] found the issue lacking in merit because Appellant averred during the guilty plea hearing that although he was taking medication for an unidentified mental health problem, the medication helped him sleep and did not affect his ability to understand what was then occurring. Therefore, even though Appellant allegedly was suffering from some unidentified mental health issue and may have been under the influence of medication at the time, he, by his responses during the guilty plea colloquy, manifested that he could enter a valid plea. Thus, because the record shows that Appellant entered his plea knowingly, intelligently, and voluntarily, th[e PCRA court] correctly determined that counsel was not ineffective for the reasons proffered by Appellant.

The claim is also lacking in merit because to obtain relief on this claim, Appellant had to disavow what he averred to by signing the guilty plea colloquy form and his testimony before th[e trial court] whereby he indicated that he understood what he was doing and the ramifications of entering a guilty plea. The law is clear that

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

***Commonwealth v. Pollard***, 832 A.2d 517, 524 (Pa. Super. 2003).

In order for Appellant to obtain relief he necessarily had to allege that he lied to the [trial court] under oath when he testified that

he understood what he was doing and the nature and circumstances of the proceedings. As the above [] indicate[s], the law does not permit it and, therefore, th[e PCRA court] properly concluded that Appellant was not entitled to relief on this claim.

PCRA Court Opinion, 3/13/2018, at 5-7 (some citations omitted).

Our review of the certified record confirms the PCRA court's determination. In this case, Appellant signed a lengthy written colloquy and was subjected to a detailed oral colloquy, in which he stated under oath and on the record that he, *inter alia*, understood the rights he was giving up by pleading guilty, and that he had spoken to his attorneys, was satisfied with their representation, and was not threatened or promised anything in exchange for entering a plea. N.T., 4/5/2016, at 6-8. Of particular importance in light of Appellant's argument on appeal, during his oral colloquy, Appellant made the trial court aware that he was currently taking medication for an unspecified mental disorder, but stated unequivocally that the medicine, prescribed to aid sleeping, did not hinder his ability to participate in the proceedings.

THE COURT: Have you ever been treated in the past or diagnosed with any kind of mental health issues that I should be aware of?

[APPELLANT]: Currently I'm receiving medication for mental health.

THE COURT: Do you know what the diagnosis is?

[APPELLANT]: No.

THE COURT: What kind of medication are you taking?

[APPELLANT]: To sleep.

- 6 -

THE COURT: Help you sleep?

[APPELLANT]: Uh-huh.

THE COURT: Does it affect your ability to understand what it is you're doing?

[APPELLANT]: No.

*Id.* at 5-6.

In light of the foregoing, Appellant cannot now claim that his mental health issues or prescribed medication, which he acknowledged on the record did not impede his ability to understand the proceedings, interfered with his capability to enter a knowing and voluntary plea. **See Commonwealth v. Willis**, 68 A.3d 997, 1009 (Pa. Super. 2013) ("While [Willis] admitted to the trial court he was being treated for 'sleeping disorders,' and taking prescribed medication, he specifically denied the medication affected his abilities or judgment. [Willis] is bound by these statements, which he made in open court while under oath, and he may not now assert[] grounds for withdrawing the plea which contradict the statements."). Lastly, as noted by the PCRA court, Appellant failed to provide any documentation or evidence regarding the nature of his mental illness and prescribed medication and how either purportedly affected his abilities to enter cogently a plea. **See id.** ("Simply put, the mere fact [Willis] was taking prescribed psychotropic medication at the time of his plea does not, of itself, result in the conclusion he was unable to enter a knowing, voluntary, and intelligent guilty plea.").

- 7 -

For these reasons, Appellant has failed to convince this Court that the PCRA court erred by dismissing his petition without a hearing. ***See Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008) ("There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/12/19