J-S03012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS ANDREW NORTON | : | |
| | : | |
| Appellant | : | No. 418 WDA 2020 |

Appeal from the Judgment of Sentence Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000637-2014

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED FEBRUARY 19, 2021**

Appellant, Carlos Andrew Norton, appeals from the Judgment of Sentence of two to four years' incarceration imposed by the trial court after it found Appellant in violation of probation. After careful review, we affirm.

On September 29, 2014, Appellant pleaded guilty to, *inter alia*, Conspiracy to Commit Possession With Intent to Distribute.[1] The court sentenced Appellant to an aggregate term of 11½ to 23 months' county confinement, followed by 8 years of probation.

While Appellant was on probation, on February 17, 2017, the Commonwealth filed an Information charging Appellant with Attempted

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 903(a), 35 P.S. § 780-113(a)(30).

Homicide and Robbery. Appellant pleaded guilty to those crimes on March 4, 2019, and the court sentenced him to 8½ to 25 years' incarceration.

On March 15, 2019, the court held a violation of probation hearing. Appellant did not contest that he violated his 2014 probation. N.T. Hearing, 3/15/19, at 2. Rather, he addressed the court and expressed remorse for his actions. *Id.* at 6-7. Additionally, the Commonwealth informed the court of Appellant's lengthy criminal history and admitted into evidence a "packet" containing a sentencing recommendation from the "adult parole and probation office." *Id.* at 3-4.

The court revoked Appellant's probation and resentenced him to 2 to 4 years' incarceration, to be served consecutively to the 8½ to 25 year sentence imposed on March 4, 2019. *Id.* at 8. It explained that it considered counsels' arguments, the Commonwealth's exhibit, Appellant's statement, his age, and the sentencing guidelines in making its determination. *Id.* at 5-7. In relevant part, the court stated:

> The court [considers] the rehabilitative needs of the individual, [] the protection of the community, [] the gravity of the crime, and we have all those considerations to balance. Balancing the considerations in this case, the court finds . . . that it's absolutely appropriate that a sentence of incarceration be imposed as opposed to further supervision. The court is – has received presentation from the adult parole and probation office through its packet from [the Commonwealth] in court today, and through [Appellant's counsel] on behalf of [Appellant].
>
> * * *
>
> [When he is released from prison, Appellant] will be approximately 35 years old which is at an age when research starts to show us that people come to more of an understanding which your

- 2 -

understanding of, you know, a proper way to live the[ir] lives[.
Appellant's] remarks today certainly show the court that he's
begun d[own] that path and away from the thinking he exhibited
[before]. We think this is appropriate to protect the community
from [Appellant] for the next at least ten and a half years[.]

*Id.*

Appellant did not file a timely post-sentence Motion or Notice of Appeal. However, on August 8, 2019, the trial court granted Appellant's request for reinstatement of his post-sentence rights *nunc pro tunc*. Appellant then filed a Post-Sentence Motion on August 14, 2019, requesting reconsideration of the revocation sentence. The court denied Appellant's Motion on August 30, 2019.

Appellant filed a Notice of Appeal on September 9, 2019. However, this Court dismissed the appeal after Appellant failed to file a brief. After a PCRA proceeding, the court reinstated Appellant's appeal rights on March 6, 2020.

Appellant filed a Notice of Appeal on March 11, 2020. Both Appellant and the resentencing court complied with Pa.R.A.P. 1925.

Appellant presents a single issue for our review:

Whether the [s]entencing [c]ourt erred and abused its discretion by failing to take into account evidence regarding the sentencing factors under 42 Pa.C.S. § 9721(b), and erred by issuing a consecutive sentence in addition to the years of incarceration [Appellant] received [on March 4, 2019], which resulted in a manifestly excessive aggregate sentence?

Appellant's Br. at 5.

Appellant presents a challenge to the discretionary aspects of sentencing. An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test before this Court will undertake a merits review.

We evaluate whether Appellant: (1) filed a timely notice of appeal; (2) preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) included in his Brief a Pa.R.A.P. 2119(f) Statement; and (4) articulated in his Rule 2119(f) Statement a substantial question that the sentence is inappropriate under the Sentencing Code. ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013).

Here, Appellant timely filed a Notice of Appeal and Post-Sentence Motion for Reconsideration, and included in his Brief a Rule 2119(f) Statement. Thus, we consider whether Appellant has presented this Court with a substantial question for review.

When determining whether a substantial question exists, "[w]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) [S]tatement[.]" ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

This Court does not accept bald assertions of sentencing error. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). "Rather, Appellant must support his assertions by articulating the way in which the court's actions violated the sentencing code." ***Id.*** "[O]nly where the

- 4 -

appellant's Rule 2119(f) [S]tatement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme . . . or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence." ***Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa. 2002). ***See also Commonwealth v. Bullock***, 868 A.2d 516, 529 (Pa. Super. 2005) ("A Rule 2119(f) statement that simply contains incantations of statutory provisions and pronouncements of conclusions of law is inadequate." (citation omitted)); ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*) (appellant must explain "how or why" his sentence is inconsistent with the sentencing code or norms).

Relevant to the instant appeal, this Court has concluded that an allegation that the sentencing court failed to consider record evidence does not present a substantial question. ***Commonwealth v. Montalvo***, 641 A.2d 1176, 1186 (Pa. Super. 1994). We have also concluded that "a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." ***Radecki***, ***supra*** at 469 (emphasis removed and citation omitted). "The imposition of consecutive . . . sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Moury***, ***supra*** at 171-72.

Turning to the instant case, in his Statement of Questions Presented, Appellant asserts that the resentencing court erred by (1) "failing to take into account evidence regarding the sentencing factors under 42 Pa.C.S. § 9721(b)"; and (2) "issuing a consecutive sentence . . . which resulted in a manifestly excessive aggregate sentence[.]" Appellant's Br. at 5. Neither of these bald assertions is sufficient to constitute a substantial question for our review. *See Montalvo*, *supra* at 1186; *Radecki*, *supra* at 469.

Appellant's Rule 2119(f) Statement does not expound on the errors he alleged in his Statement of Questions Presented. Rather, Appellant lists several citations to case law allegedly recognizing the existence of a substantial question where the sentencing court (1) imposed a sentence in the aggravated range without considering mitigating factors; (2) failed to consider a defendant's individualized circumstances in imposing sentence; and (3) imposed consecutive terms of incarceration. *Id.* at 11. He then summarily concludes that "[t]herefore, a substantial question has been demonstrated." Appellant's Br. at 11.

Appellant does not explain "how or why" the alleged sentencing error violated the sentencing code or norms. *Goggins*, *supra* at 727. He does not articulate which mitigating factor or individualized circumstance the resentencing court failed to consider, and how its alleged failure violated sentencing guidelines or fundamental norms. He likewise fails to articulate an "extreme circumstance" to warrant review of his consecutive sentence. In short, he fails to sufficiently expound on his bald allegations of error and apply

his recitation of law to the present case. As a result, Appellant has failed to raise a substantial question for our review.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2021