J-A06045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRANDON CHARLES AUEN | : | |
| | : | |
| Appellant | : | No. 581 WDA 2022 |

Appeal from the Judgment of Sentence Entered January 12, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002505-2020

BEFORE:  OLSON, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED: FEBRUARY 15, 2023**

Brandon Charles Auen (Auen) challenges the judgment of sentence entered by the Court of Common Pleas of Erie County (trial court).  After pleading guilty to four counts relating to an armed kidnapping, Auen was sentenced to an aggregate prison term of 13.5 to 27 years.  He now argues that the sentence is manifestly excessive; that the trial court ignored mitigating factors and relied on unproven aggravating factors; and that the trial court erroneously applied a "deadly weapon used" enhancement.  Auen also claims that his plea was involuntary because he had not been advised of the possibility of a negotiated plea agreement.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

In 2020, Auen entered a residential building and kidnapped two individuals at gunpoint. One of the victims was Quinn Maloney, who was Auen's ex-girlfriend. The second victim was Anthony Nicarello, who Auen had never met before. The two victims were put into a vehicle and Nicarello was forced to drive several miles toward a remote property owned by Auen's family. Before they arrived at that destination, Nicarello deliberately crashed the vehicle because he feared that he and Maloney would soon be murdered. Auen called his father shortly after the crash. Soon after, Auen was arrested and charged with 25 counts stemming from the incident.

With the aid of counsel, Auen waived his right to jury trial and agreed to plead guilty to just four of the 25 counts. Prior to accepting Auen's plea, the trial court thoroughly explained the elements of the offenses, the potential penalties, and the factual basis of each count. It was explained to Auen that he would be pleading guilty to "Counts 3, 4, 5, and 8, incorporating the facts of Counts 8 and 9. And in exchange, the Commonwealth [would] *nolle pros* the remaining [21] counts [enumerated in the charging document.]" Plea Hearing Transcript, 10/27/2021, at p. 8.

In Counts 3 and 4 of the Information, the Commonwealth alleged that on September 24-25, 2020, Auen pointed a handgun at Nicarello and Maloney and forced them into a vehicle. In Count 5, the Commonwealth alleged that Auen entered a "residence through the unlocked door, and pointed a handgun

- 2 -

at the victims[.]" ***Id***. at p. 10. Auen accepted the factual basis of these charges after they were read into the record.

The Commonwealth alleged in Counts 8 and 9 that Auen had committed aggravated assault. In Count 8, the crime occurred when Auen pointed a handgun at Nicarello "and/or threaten[ed] to kill the victim[.]" ***See*** Criminal Information, 11/23/2020, at p. 3. The alleged offense in Count 9 occurred when Auen pointed a handgun at "and/or" threatened to kill Maloney, "and/or did hit the victim with the handgun and/or his fists[.]" ***Id***. at p. 4. Once the colloquy had concluded, the trial court accepted Auen's plea and the Commonwealth was permitted to *nolle pros* the remaining charges.

To determine the guideline ranges at Auen's sentencing hearing, the trial court queried the parties as to whether an enhancement for "deadly weapon used would be the appropriate guideline for each count." Sentencing Hearing Transcript, 1/12/2022, at pp. 5-6. Auen's counsel responded that it was his impression that the "deadly weapon used" enhancement would apply to each of the four counts. ***See id***. at p. 6.

Following that clarification, the trial court referred to the sentencing memorandums submitted by the Commonwealth and the defense, including their numerous attachments. The trial court further stated that it had reviewed the pre-sentence investigative report (PSI) and entered all of the above filings into the record. Auen's counsel informed the trial court that he

was unable to furnish Auen with a copy of Maloney's impact statement in advance of the hearing, but no objection was lodged on that ground.

Auen's father testified at the hearing as a character witness. He recounted Auen's work ethic, military service and strong academic record. According to his father, Auen's personality had markedly changed after he returned from military deployment in the Middle East. This testimony echoed countless letters from friends, family and military personnel who attested to Auen's many positive character traits.

The Commonwealth nevertheless sought a sentence in the aggravated range of the sentencing guidelines, asserting that it was justified in part due to the premeditated nature of Auen's crimes, and because he had pistol whipped Maloney and forced her to remove clothing at the time of the kidnapping. These particular details were not included in the charging document or the factual basis of the plea, but Maloney had described those incidents in her victim impact statement and produced photos to corroborate her account.

At the conclusion of the hearing, the trial court articulated the reasons why it declined to sentence Auen in the aggravated range, citing his remorse, rehabilitative needs and potential to be a productive member of society. However, the trial court also commented on the severity of the offenses and Auen's "extreme indifference to human life" during the kidnapping episode. The trial court stressed that Auen behaved in a "sadistic" manner, as

evidenced by the way he humiliated and terrorized the victims. In fact, Auen was described by the trial court as "the most dangerous person in Erie County" at the time the crimes were committed. *Id*. at p. 45. Accordingly, the trial court declined the defense's request for concurrent sentences.

As to each of the two kidnapping counts, Auen was sentenced to a prison term of 42 to 84 months. As to the burglary count, he was sentenced to a term of 36 to 72 months. Furthermore, as to the aggravated assault count, he was sentenced to a term of 42 to 84 months. The terms were all imposed consecutively, resulting in an aggregate sentence of 13.5 to 27 years. All four sentences were either within or below the standard ranges of the sentencing guidelines.

Auen timely filed a post-sentence motion again requesting his prison terms be made concurrent rather than consecutive. The grounds for the motion were that Auen's psychological evaluation indicated that his offenses were isolated incidents that were unlikely to reoccur. The defense also emphasized Auen's rehabilitative needs, potential and remorse. The trial court denied the post-sentence motion and stated in a written order that it had fully considered all the mitigating factors advanced by the defense (which was why a harsher sentence in the aggravated range was not imposed). The trial court reasoned that concurrent sentences would be inappropriate due to the degree of suffering endured by the victims. *See* Trial Court Order, 4/22/2022, at 2-3. Auen timely appealed and the trial court filed a 1925(a) opinion stating the

reasons why the judgment of sentence should be upheld. *See* Trial Court 1925(a) Opinion, 8/12/2022, at 4-9.

In his brief, Auen now raises the following sentencing issues for our consideration:

> 1. The sentences in this case were manifestly excessive and clearly unreasonable, particularly in their consecutiveness, when the trial court did not consider mitigating factors.
>
> 2. The trial court abused its discretion in using the "deadly weapon used" sentencing guidelines for the burglary charge.
>
> 3. [Auen's] plea was unknowingly and involuntarily entered when [he] misunderstood the possibility of a sentencing agreement in this case.

Appellant's Brief, at 2 (issues renumbered).

The heading of Auen's first claim only refers to the trial court's failure to consider mitigating factors, but he also argues in his brief that the trial court erred by considering several aggravating factors which Auen did not concede to at his plea hearing. *See* Appellant's brief, at 9-10. Auen argues further that the trial court violated his due process rights by relying on evidence of aggravating factors without affording him advance notice of the evidence prior to the sentencing hearing. *See id*. at 8-9.

## II.

Auen's first two appellate claims concern discretionary aspects of his sentence. Since such claims are not appealable as of right, we must at the outset address whether our jurisdiction has been properly invoked. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). In

- 6 -

order to invoke this Court's jurisdiction to review such claims, an appellant must satisfy a four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the [appellant's brief] set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013).

A substantial question concerns whether the sentence imposed is (1) appropriate under the Sentencing Code, or (2) otherwise contrary to the fundamental norms which underlie the sentencing process. ***See Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007). A claim that the trial court considered impermissible factors when imposing sentence raises a substantial question. ***See Commonwealth v. King***, 182 A.3d 449, 454 (Pa. Super. 2018); ***Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009). A substantial question may also be raised where it is asserted that the trial court failed to consider a mitigating sentencing factor. ***See Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009).

In the present case, for reasons we will explain in greater detail below, Auen has properly invoked this Court's jurisdiction as to his claim that he received a manifestly excessive sentence based on the trial court's failure to consider mitigating factors. However, Auen's remaining grounds (including the claim of an involuntary plea) are waived for lack of preservation at sentencing or in his post-sentence motion.

**III.**

**A.**

Auen's first claim is that the trial court imposed a manifestly excessive sentence as a result of not considering mitigating factors – *i.e.*, a psychiatric evaluation, Auen's military service, lack of a prior criminal record and academic accomplishment. This issue is preserved for appellate review because Auen raised it in a post-sentence motion, he timely filed a notice of appeal, and there are no defects in his brief. Moreover, a substantial question has been raised. ***See Ventura***, 975 A.2d at 1133.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and we will not disturb a sentence on appeal absent a manifest abuse of discretion. ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006). In this context, "the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id***. (quoting ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006)).

Additionally, since the trial court sentenced Auen to terms within the standard-ranges of the guidelines, we may only vacate the sentence if we find that "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). When imposing sentence, "the sentencing court must consider the factors set out in 42 Pa.C.S.

§ 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant[.]" **Commonwealth v. Coulverson**, 34 A.3d 135, 144 (Pa. Super. 2011) (citation omitted).

"Where the sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (citation and internal quotation marks omitted).

In the present case, Auen received a sentence that was within the standard range of the sentencing guidelines and we find no abuse of discretion on the part of the trial court. The mitigation evidence Auen refers to was included in the PSI reviewed by the trial court, so we must assume that the trial court was aware of that information. **See Moury**, 992 A.2d at 171. The trial court's decision to run the sentences consecutively was within its discretion, especially in light of the violent nature of the offenses committed against the victims.

The trial court also stated on the record that Auen's rehabilitative needs and potential were why he did not receive a sentence in the aggravated range of the guidelines. Any dispute Auen may have with the *weight* assigned by the trial court to mitigating and aggravating factors would not constitute a

substantial question, much less an abuse of discretion by the trial court. *See generally Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) ("Accordingly, we conclude Appellant's argument that the trial court failed to give adequate weight to mitigating factors does not present a substantial question appropriate for our review.").

The remaining claims Auen asserts are unpreserved. He has argued in his brief that the trial court improperly considered evidence in Maloney's impact statements and other materials which had not been made available to Auen prior to the sentencing hearing. Because Auen did not object on those grounds until after he had filed this appeal, the claims are waived and unreviewable at this juncture.

**B.**

Auen's second claim is that the trial court abused its discretion in applying a "deadly weapon used" enhancement to the sentencing on the burglary count. Under 204 Pa.Code § 303.10(a)(2), an enhancement applies where "the defendant used a weapon to threaten or injure the victim while committing the particular offense."

According to Auen, the evidence showed that he only possessed a firearm during the commission of the burglary, precluding the trial court from relying on the subsequent *use* of the firearm after the offense was completed to apply the deadly weapon used enhancement. *See Commonwealth v. Tavarez*, 174 A.3d 7, 11 (Pa. Super. 2017) (holding that defendant completed

a burglary by gaining entry into a structure, and that an enhancement based on the subsequent use of the weapon after that point was improper). The claim was waived.

In his plea colloquy, Auen admitted that during the commission of the burglary, he "pointed a handgun at the victims.[]" Plea Hearing Transcript, 10/27/2021, at p. 10. Auen's counsel agreed with the Commonwealth and the trial court that the deadly weapon used enhancement was applicable as to the burglary count. The enhancement was not challenged until after Auen filed his appeal, precluding this Court from reviewing the substantive merits of the claim. *See Commonwealth v. Batterson*, 601 A.2d 335, 336-37 (Pa. Super. 1992) (challenge to weapon enhancement waived "because it has been raised for the first time on appeal and was not preserved in the lower court via a motion to modify sentence.").

**C.**

Auen's third and final claim is that he entered his open plea involuntarily because he had not known it was possible to form a sentencing agreement and he would have done so if he had been informed of that possibility.

In order to preserve a challenge to a guilty plea for direct appeal, a defendant must file a motion to that effect within ten days of sentencing. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013). However, Auen first raised his claim of an involuntary plea on direct appeal, without having done so either at the sentencing or in his post-sentence

motion. Accordingly, because Auen failed to preserve the issue for appellate review, it is waived and we are precluded from considering the claim's merits.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/15/2023